MADISON SMITH CADILLAC COMPANY *v.* LLOYD.

Opinion delivered November 2, 1931.

*Ira D. Oglesby,* for appellant.

*Partain & Agee,* for appellees.

HUMPHREYS, J. Appellees sued appellants in the circuit court of Crawford County for damages on account of injuries each sustained in an automobile wreck alleged to have been caused by the negligence of Carlton Claridy in suddenly turning without warning a Hudson car which he was driving for Madison-Smith Cadillac Company across the highway out south of Fort Smith, thereby forcing them into the ditch paralleling the highway in order to avoid striking him.

Appellant filed an answer denying the alleged act of negligence on their part and pleading as an affirmative defense contributory negligence on the part of appellees.

The cause was submitted upon the pleadings, testimony, and instructions of the court, which resulted in verdicts and consequent judgments in favor of appellees, from which is this appeal.

When the testimony was concluded, the appellants requested an instructed verdict, which was refused over the objection and exception of appellants, and the cause was sent to the jury upon both issues of alleged negligence on the part of appellants and contributory negligence on the part of appellees.

The testimony was conflicting as to whether appellants gave the statutory signals when the Hudson car turned toward the left and it was therefore proper to submit to the jury the issue of negligence on the part of appellants.

The testimony responsive to the issue of contributory negligence was undisputed and is as follows:

Both cars were proceeding in a southerly direction on the right-hand side of the highway leading south out of Fort Smith. The Hudson was owned by the Madison-Smith Cadillac Company and was being delivered for it by Carlton Claridy to the Tankersly Junk Yard situated three and one-half miles south of Fort Smith on the east side of Highway 71. Appellees were on their way to Florida in a Chevrolet car driven by George Lloyd. As Claridy was nearing the junk yard, he reduced his speed to about 15 miles per hour in order to turn to the left into the road leading to the yard. When appellees were within 100 yards of him, he observed that he was slowing down, and they likewise slowed down to a speed of 25 or 30 miles per hour. When within thirty feet of him, they saw him turn to the left and blew their horn. He heard their signal and turned back to the right and stopped his car within a distance of four or five feet diagonally across the pavement. They then turned to the left to go around him, and in their effort to avoid striking him, ran into the

ditch, turned completely over onto the wheels again, and ran for fifty yards into a store building on the east side of the highway that obstructed and stopped them. After slowing down the first time, they made no further effort to slow down or stop. They proceeded at the same rate of speed, traveling 25 or 30 miles an hour until their car was wrecked, at which time they were injured. The undisputed testimony was to the effect that they could have stopped their car within ten to twenty-five feet at the speed they were going.

The law of the road is that the automobile in front has the superior right to the use of the highway for the purpose of leaving it on either side to enter intersecting roads and passageways, and the traveler behind must, in handling his car, do so in recognition of the superior right of the traveler in front. *Government Street Lumber Co.* v. *Ollinger*, 18 Ala. App. 518, 94 So. 177. According to the undisputed facts detailed above, it was appellee's duty in the exercise of ordinary care to stop their car so that appellants could turn to the left and go to the junk yard on the east side of the highway, and, failing to do so, were guilty of contributory negligence. Appellees argue, however, that they were not guilty of contributory negligence, because, when the Hudson car turned to the left thirty feet in front of them, they were required to act suddenly without opportunity for deliberation; hence, that they must be excused if they did not adopt the safest course or act with the best judgment or greatest prudence. They might be excused for failure to stop their car had they been confronted with an emergency, but they were not. The undisputed facts reflect that, as far back as 100 yards, the Hudson car slowed down to 15 miles per hour for some purpose, and that they observed it do so and reduced their own speed to 25 or 30 miles an hour. They had ample time to think in covering that distance and could have easily stopped their car until they ascertained what purpose the Hudson car had in slowing down. There was no necessity whatever for them to act hastily in order to avoid strik-

ing the Hudson car. They had control of their car, but rather than reduce their speed and stop if necessary, they deliberately chose to maintain their speed, and by doing so assumed the hazard of turning to the left and passing the Hudson car.

On account of the refusal of the court to peremptorily instruct for appellants, the judgments are reversed, and appellees' actions are dismissed.

Mr. Justice Kirby dissents.