WARD *v.* HARALSON.

4-5169                                                120 S. W. 2d 322.

Opinion delivered October 3, 1938.

786

*Hays & Wait, Warner & Warner* and *Isgrig & Robinson,* for appellants.

*Bob Bailey, Boyers & Sitton* and *Hardin & Barton,* for appellees.

McHANEY, J. Appellees, husband and wife, brought this action against appellants to recover damages for personal injuries sustained by Mrs. Haralson, and for hospital expenses for her and damage to his car paid out by Mr. Haralson, which it is alleged were occasioned by the negligence of the appellant, H. M. Berry, driver of a truck owned and being operated at the time for the Ward Ice Industries, a partnership operating under that name.

All the parties, appellants and appellees, reside in the city of Fort Smith. The complaint alleges that on October 5, 1935, appellees were driving from Ft. Smith to Little Rock over Highway 22, Mr. Haralson driving

the car; that as they approached the top of a hill, about 8 miles west of Dardanelle, they suddenly came upon a truck of appellants, owned and operated as aforesaid, which had been stopped on the highway, so that it "was not visible to said J. J. Haralson until his car had approached close upon it and it was impossible for him to stop without driving into it, and the only escape from driving into the truck was to drive around it, which he undertook to do and in doing so, collided with another car approaching from the east." The negligence laid is that (1) the driver violated the law and rules of the road in stopping the truck on the highway; (2) that he either stopped or so nearly so as to have the same effect at a point where it could not be seen by those approaching from the west; (3) failed to give any warning to traffic; (4) failed to drive truck off the highway and onto the shoulder before stopping; and three other grounds covered by those mentioned.

Appellants denied all the material allegations of the complaint, and alleged that the accident and injuries sustained were due solely to the negligence of appellees. Trial to a jury resulted in a verdict and judgment for Mrs. Haralson for $10,000 and for Mr. Haralson, $100. The case is here on appeal.

At the conclusion of testimony on behalf of appellees, and again at the conclusion of all the testimony, appellants requested and were refused a directed verdict in their favor, and this assignment of error is the principal ground urged for a reversal of the judgment and dismissal of the action on this appeal. We agree with appellants in this contention.

The undisputed facts, and the disputed facts stated most strongly in favor of appellees, are as follows: On October 5, 1935, appellees, their daughter, another girl and Carnell Wheeler left Ft. Smith for Little Rock at about 5:30 A. M., in a Plymouth Sedan, Mr. Haralson driving and Wheeler in the front seat with him. The others occupied the rear seat. They were driving at a speed from 40 to 45 miles per hour. When they were about 62 miles east of Ft. Smith and about 8 miles west of Dardanelle, while attempting to pass a truck, belong-

ing to Ward Ice Industries, a partnership, traveling in the same direction they were going, they had a collision with another car driven by one West going in the opposite direction, causing the damages complained of. For some 900 feet west of the point of collision, the road was uphill, there being a rise of 40 feet in that distance. The road was concrete and curved to the right. Shortly before the accident, some 3 or 4 miles back, it began to rain, and the pavement was wet and slippery. Haralson slowed his car down, as he says, to 35 to 40 miles per hour. He did not see appellants' truck until he topped the hill, and at that time it was about 150 feet ahead of him. He admitted, however, that the top of the truck could have been seen 300 feet ahead of him. The truck was traveling east down the hill very slowly on its right side of the road. When he discovered the truck ahead of him 150 feet away, he applied his brakes to stop or slow down, but on account of the wet condition of the pavement, and the speed at which he was driving, his car skidded, and he was unable to reduce its speed or to stop so as not to hit the truck, and so to avoid that dilemma, he cut his car to the left to pass the truck, and ran directly in the path of the car driven by West, going in the opposite direction. His car did not touch the truck. Immediately or shortly after the accident, the truck was stopped opposite, or a short distance east of the wreck with its right front and rear wheels off the pavement with sufficient distance between it and the wrecked cars to permit traffic to pass through. The truck driver, Berry, offered assistance, but same was declined, and he proceeded on his way. There is no evidence in this record that the truck had stopped at any time prior to the accident, but on the contrary, Haralson, Wheeler and the Wests all testify that the truck was traveling slowly east when the Haralson car came into view, and that it so continued until it stopped after the accident, with its right wheels off the pavement.

In this state of the record, it is difficult to perceive wherein the driver of the truck was guilty of any negligence. Can it be said to be negligence to drive slowly down hill over a winding wet pavement? We do not

think so, but on the contrary it was an exhibition of care and caution not usually displayed by truck drivers in our experience. This truck was running along the highway, slowly, it is true, but it was not suddenly stopped without signal in the line of traffic, nor was it suddenly slowed down in the line of traffic without signal. In this respect this case differs from *Coca-Cola Bottling Co.* v. *Doud,* 189 Ark. 986, 76 S. W. 2d 87, relied on by appellees. There the driver of the truck which was parked at the curb pulled out in the path of a moving car which attempted to avoid the collision by pulling around it, and that the driver of the truck "came right straight through and hit us." That was a wholly different state of facts from this, for in this, the truck was always in front moving on its own right side of the highway, and Haralson came up behind from over the hill at such a rate of speed, and on such a wet slippery pavement that he was unable to control his own car. Even so, the truck did not hit him as it did in the Doud case above cited.

This case is more nearly like that of *Madison-Smith Cadillac Co.* v. *Lloyd,* 184 Ark. 542, 43 S. W. 2d 729, where we held that "the law of the road is that the automobile in front has the superior right to the use of the highway for the purpose of leaving it on either side to enter intersecting roads," and that a driver in the rear who fails to observe such rule is guilty of contributory negligence. While there is no question of turning off the highway into an intersecting road in the case at bar, we think the principle stated there applicable here with more force, since the truck was proceeding straight ahead on its own right side of the road, and the car in the rear must recognize the superior right of the truck to so proceed on its own way, and so manage his own car as to cause no injury under the penalty of being chargeable with negligence.

As we view the record, appellee, Haralson, was guilty of negligence in rapidly topping the hill over which he could not see until reaching the crest, or nearly so, on a crooked down hill road, with a wet and slippery pavement. Even though, he did not see the truck until within 150 feet of it, he should have anticipated the pos-

sibility of a vehicle in front of him, and so regulated his speed as to have his car under control, and a failure to do so under the circumstances, is negligence. If, on the other hand, he undertook to pass the truck on its left without knowing he had a clear right-of-way, and the collision occurred, he would be negligent, and in neither case could it be said the driver of the truck was guilty of any negligence. Since the front car has the superior right to proceed along the highway on its own right side, the rear car, in undertaking to pass, does so at its own peril from oncoming traffic. Here, the truck driver did nothing to cause or contribute to this accident, except to be on the highway when the emergency arose which necessitated the passing of the truck by Haralson—an emergency created by himself. The truck had the right to be there and to proceed leisurely if the driver so chose.

Moreover, it appears that when Haralson pulled out to pass the truck, West pulled to the right to avoid a collision, but Haralson, instead of passing between the truck and the West car, attempted to go to the north of the West car and pass on the outside, and the latter's car struck the former's car on its right side. As above stated, there was room to pass between, but Haralson did not undertake to do so. There being no negligence shown on the part of appellants, the court should have directed a verdict in their favor at their request, and erred in not doing so.

There is one other matter, we feel, constrained to mention which would call for a reversal of the judgment, even though the record was otherwise free from error. In the cross-examination of appellants' witness, Bowden, by one of counsel for appellees, this occurred: "Q. You went out there, representing the state of Arkansas, representing the defendants and an insurance company, and made those measurements?" to which objection was made, and the court said: "That is improper, and you better not make any other remarks like that." An exception was taken, and counsel asked for a mistrial on those remarks, to which the court replied: "If he does it again I will grant a new trial."

The statement of counsel for appellees, injecting into the case the fact, if it be a fact, that appellants had insurance coverage, was wholly inexcusable, uncalled for by anything that had previously occurred in the case, and was highly prejudicial. We think the remarks of the court were not sufficient to remove the prejudice, and that a mistrial should have been declared. The obvious and only purpose in making the statement was to advise the jury that an insurance company would have to pay any judgment rendered. This was error.

For the error of the court in refusing to direct a verdict for appellants, the judgments are reversed, and the cause dismissed.

HUMPHREYS and MEHAFFY, JJ., dissent from the holding that the question of counsel above quoted constituted reversible error.