HAGAN *v.* KNOWLES.

5-383                                          267 S. W. 2d 514

Opinion delivered May 3, 1954.

John M. Lofton, Jr., and *Owens, Ehrman & Mc-Haney*, for appellant.

H. B. Means, Jr., for appellee.

GRIFFIN SMITH, Chief Justice. A truck owned by Paul Hagan and driven by Ewell Gray was struck by an automobile owned and operated by Grady A. Knowles, who sued for $496.93 to compensate property loss. Hagan's denial that his driver was negligent was coupled with a cross-complaint for $490.76 covering loss sustained by reason of the damage to his truck. From a judgment in favor of Knowles for the full amount of his claim Hagan has appealed.

Appellant's contention is that the undisputed evidence shows contributory negligence when Knowles undertook to pass the truck.

Highway 270 passes through Malvern and intersects some of its streets. Gray, as Hagan's servant, was driving westward on the highway and undertook to enter Railroad street by turning to the left. Knowles, traveling in the same direction, attempted to pass the truck at a point where the highway is intersected by railroad lines and where Railroad street enters the highway. Appellant concedes that Gray did not give a manual signal of his intention to turn, but thinks it is not seriously disputed that stop lights on the truck were activated when the driver maneuvered control mechanism preparatory to the actual turn. If, as appellant contends, Knowles was guilty of contributory negligence, recovery is barred. It is not insisted that the jury's failure to return a verdict for Hagan on his cross-complaint should work a reversal and remand of the cause.

Knowles testified that while driving on the highway he first observed appellant's truck when it was slightly less than half a block from him. He estimated the truck's speed (which was not diminished) at from 15 to 20 miles an hour and his own at 30 or perhaps 35 miles. The fact that Gray was traveling slowly did not suggest to Knowles that a turn was to be made, ''because he was making the same speed when I first saw him''.

There was no other visible traffic on the highway; and, said Knowles, the truck was virtually overtaken between the tracks and the street intersection. Gray testified that before or at the time of making the turn he did not lower the window; nor did he put out his hand ''or do anything of that sort''. The collision occurred on the left side of the center line of the highway in respect of driver direction. Knowles' reconstruction of essentials is that he attempted to pass the truck ''just beyond the railroad tracks''; that the street intersection was approximately 75 feet from the tracks, and that he applied his brakes and sounded his horn in an attempt to inform the truck driver of an intention to pass.

Appellant's contentions, as summarized, are: (1) Appellee failed to give an audible signal of his purpose to pass the truck; (2) he was attempting to pass where the highway is intersected by railroad tracks, and (3) the attempt was made at the intersection of the highway with a street.

The collision occurred in November, shortly after dark. It had been raining and a slight mist was still falling. Darkness and weather conditions, it is urged, required that appropriate precautions be observed. We are cited to the provisions of Acts embraced within §§ 75-609 and 75-611, Ark. Stat's, prescribing a driver's duty in passing a vehicle when the two are going in the same direction. Primarily, however, appellant relies upon our decisions in *Madison Cadillac Company* v. *Lloyd*, 184 Ark. 542, 43 S. W. 2d 729, and *Ward* v. *Haralson*, 196 Ark. 785, 120 S. W. 2d 322.

In the Cadillac Company case the opinion states that when the appellees (who there stood in Knowles' posi-

tion here in most respects) were within 100 yards of the Cadillac Company's automobile (a Hudson) it was discovered by those in the rear car that the Hudson was slowing to a speed of 25 or 30 miles per hour. Following a summation of facts the opinion, in regard to the law, said that the automobile in front has a superior right to use of the highway for the purpose of leaving it to enter an intersecting road, and the traveler who is following must handle his car "in recognition of the superior right of the traveler in front". This broad statement does not, of course, mean that the so-called front car may be driven without regard to trailing traffic. We have often said that the violation of a traffic safety measure is not negligence *per se,* but only evidence of such.

The Ward-Haralson case can hardly be said to have factual application here. There the truck driver was on his right side of the highway. He was driving slowly in circumstances indicating the exercise of unusual care, and the car in the rear was being driven rapidly as it topped a hill, in disregard of obvious danger.

In view of the testimony of appellant's driver that he did not manually signal an intention to turn, and in the absence of conduct from which appellee, as a reasonably prudent person, should have inferred that Gray's purpose was to leave the highway, we are not able to say that appellee's act in undertaking to pass the truck was of a character imputing negligence as a matter of law and that an instructed verdict should have been given. The jury could have made a finding that appellee was negligent, and the evidence would have sustained that finding.

Affirmed.