R. D. LEWIS, d/b/a R. D. Lewis Banana Co., et al., Appellants,

v.

Arthur H. MERRILL, Appellee.

No. 3419.

Court of Civil Appeals of Texas.

Waco.

Oct. 23, 1956.

Rehearing Denied Nov. 28, 1956.

Dyess & Dyess, Houston, Robert E. Burroughs, Centerville, for appellants.

Brown & Morgan, Houston, Mac L. Bennett, Jr., Normangee, for appellee.

McDONALD, Chief Justice.

Plaintiff Merrill sued defendant Lewis for damages for personal injuries and truck damage, resulting from a collision of a truck belonging to defendant with a truck owned and operated by plaintiff. Trial was to a jury, which, in answer to Special Issues, found that: 1) Defendant was negligent in several particulars; 2) each act of defendant's negligence was a proximate cause of the collision; 3) plaintiff was operating his truck at a slower rate of speed than an ordinary prudent person, in the exercise of ordinary care, would have operated such vehicle; 4) such was a proximate cause of the collision. Defendant filed motion for judgment on the verdict; plaintiff filed motion asking the court to disregard the findings of the jury that plaintiff was operating his truck at a slower rate of speed than an ordinarily prudent person, in the exercise of ordinary care, would have operated such vehicle, and that such operation was a proximate cause of the collision, because such findings have no support in the evidence, and that as a matter of law plaintiff's slow rate of speed could not constitute negligence or proximate cause of the collision; and moved for judgment non obstante veredicto. The Trial Court overruled defendant's motion and granted plaintiff's motion and entered judgment for plaintiff at the amount the jury had fixed as his damages.

Defendant appeals, contending that the Trial Court erred in not granting his mo-

tion for judgment and in granting plaintiff's motion for judgment.

A statement is necessary. The collision occurred between 8:30 P.M. and 9:00 P.M. on the night of 8 June 1955; it had been raining; the pavement was wet; both roadway and shoulders were slick; plaintiff's truck was loaded with 156 bales of hay and was proceeding south; defendant's truck was proceeding south at a rate of speed of 45 or 46 miles per hour when it crashed into the rear of plaintiff's truck. At the point of impact the shoulder of the highway was narrow and there was a deep ditch on the right of the highway. The front lights of plaintiff's truck were burning as were four red lights on the rear; and in addition the truck had two reflectors on the rear, and a light was burning over the rear license plate. The only evidence as to the speed of plaintiff's truck at the time of the collision was that of plaintiff, who testified he was going 35 to 40 miles per hour, and the testimony of the witness Carter (a truck driver who was meeting plaintiff's truck at the time of the impact), who testified that plaintiff's speed was 35 miles per hour. Defendant's driver testified that plaintiff's truck was stopped on the highway, and in addition testified that the crest of a hill, which he was descending at the time of the collision, prevented him from seeing plaintiff's truck until he was within 50 or 60 feet from its rear. All witnesses other than defendant's driver testified there was no hill or rise of ground north of the point of impact and that no such hill or ground rise obstructed vision for a distance of ½ to 7/10's of a mile north of the point of impact; that such point was between the crest of two hills approximately one mile apart. Photographs in evidence likewise showed there was no crest of a hill or rise of ground which could have obstructed defendant's driver's vision. The oncoming truck of the witness Carter occupied the other lane and prevented defendant's truck from passing plaintiff. Defendant's vehicle was a 1954 International truck tractor with 50 foot trailer loaded with 14,000 pounds of beans..

Plaintiff testified he saw defendant's truck coming up from the rear, but thought he was going to pass and would slow down before he collided with him. Defendant's truck driver testified that some 40 to 60' feet before the collision he started to apply his brakes and shifted gear. Carter, the driver of the northbound truck, testified that defendant was bearing down on plaintiff rather heavily. Plaintiff testified he applied his brakes hard at the time of the collision. Defendant went to trial alleging plaintiff was *stopped on the main travelled portion of the highway,* but during the trial, by trial amendment, alleged the slow speed of plaintiff as a defense.

The questions to be determined in this case are: 1) Whether or not the operator of a motor vehicle can be guilty of negligence proximately causing an accident, by operating his vehicle at too slow a rate of speed in light of all attending circumstances; and if he can be, 2) Was there sufficient evidence in the case at bar to submit the issues to the jury, a) as to whether plaintiff operated his truck at a slower speed than an ordinarily prudent person, in the exercise of ordinary care, would have, and, b) if he did, whether such operation was a proximate cause of the collision.

Reverting to the 1st issue—could the plaintiff be guilty of negligence by operating his vehicle at too slow a rate of speed in light of all attending circumstances in the case at bar? No Texas court has ever held the operator of a vehicle travelling on a public road of this state guilty of negligence in operating his vehicle at too slow a speed. On the contrary, our courts recognize that a person has the legal right to proceed down a highway at a slow rate of speed—even in a wagon going very slowly. Valley Film Service v. Cruz, Tex.Civ. App., 173 S.W.2d 952, 953, W/E Ref. W. M., was a case in which a truck overtook

and collided with a wagon. In that case the court said:

"Appellee had a legal right to drive his wagon in the right-hand lane of the highway, as the undisputed evidence shows he was doing, and to assume that cars approaching from his rear would obey the law and use proper care to avoid injuring him. It is only in the event that he wishes to stop or change his course that he is required to signal to those approaching from the rear and to see to it that such stopping or changing of course may be done in safety."

In the case of Southwestern Gas & Elec. Co. v. Brown, 8 Cir., 197 F.2d 848, 851, the court, in considering a case wherein a car had overtaken and collided with the rear of another car (as was the situation in the case at bar), said:

"* * * the driver of the head car owes no duty to the rear or trailing car except to use the road in accordance with the law of the road. The driver of the forward car, even though a slow moving car, is not bound to know at his peril that an automobile is desirous of passing. Ward v. Haralson, 196 Ark. 785, 120 S.W.2d 322; Madison-Smith Cadillac Co. v. Lloyd, 184 Ark. 542, 43 S.W.2d 729; Acco Transportation Co. v. Smith, 207 Ark. 70, 178 S.W.2d 1011."

In the Ward case, supra, very similar on its facts to the instant case, the evidence disclosed that it had been raining and that the truck was moving very slowly on its right side of the road. The court there said [196 Ark. 785, 120 S.W.2d 324]:

"The truck had a right to be there and to proceed leisurely if the truck driver so chose."

■ We think that plaintiff's slow speed in the case at bar could not be negligence.

■ Even though we have come to the foregoing conclusion, we will briefly discuss the second question. If we be in error about the first question, which we do not believe we are, we do not believe that the record before us contains sufficient evidence to submit the issues of 1) whether plaintiff was negligent by reason of too slow speed, or 2) and if so, was same a proximate cause of the collision. A review of the evidence in the case reflects that it was night; was raining; that the roadway and shoulders were slick; that plaintiff was carrying 156 bales of hay. The defendant's driver testified that plaintiff was *stopped* on the highway. Plaintiff and the disinterested witness Carter testified that plaintiff was proceeding at a rate of speed of 35 to 40 miles per hour. The *only* evidence in the entire record of slow speed was by way of impeachment testimony offered to impeach defendant's driver's statement that plaintiff was *"stopped"* on the road. Two witnesses testified that defendant's driver told them shortly after the collision that plaintiff was "going slow" or "driving too slow in the rain." The rule is well settled that impeachment testimony cannot be considered in determining whether there is probative evidence in a record to support a jury verdict.

Our Supreme Court lays the rule down in Bradley v. Tex. & P. Ry. Co., Tex.Com. App., 1 S.W.2d 861, 864, as follows:

"The rule is settled that proof of inconsistent statements of a witness can be introduced and considered only for the purpose of impeachment, and not as substantive evidence of the truth of the matters stated."

See also 45 Tex.Jur. p. 149.

■ It is our view, from a careful reading of the entire record before us, that there is insufficient evidence of probative force to tender the issue of slow speed by plaintiff's truck. It follows that we are of

the further view that the Trial Court did not err in disregarding the findings of the jury on this issue.

We come now to consider whether plaintiff's "slow speed", if such it was, could have been a proximate cause of the collision. The record reflects plaintiff was driving 35 to 40 miles per hour. The undisputed evidence is that defendant's truck was travelling 45 or 46 miles per hour. Therefore defendant's truck would have collided with plaintiff's unless he stopped or passed.

Lewis v. Reichel, Tex.Civ.App., 256 S. W.2d 216, 220, holds that where the driver of a truck slowed to 10 or 15 miles per hour, that such could not be a *proximate cause* of injuries sustained by a motorist overtaking the truck at 40 to 45 miles per hour who did not recognize the truck or realize the highway was obstructed until it was too late to avoid the collision. In this case the court said:

> "We do not believe that the evidence in this case is sufficient to support the finding of the jury that the truck driver's act in driving his truck partly on the lefthand side of the road *at a slow rate of speed* * * * was a proximate cause of the collision of the appellee's car with the rear of the truck. We do not believe that a person of ordinary prudence in the exercise of ordinary care under these circumstances should have reasonably anticipated or foreseen that a person in another automobile approaching from his rear without sounding his horn or without making any audible sound would drive up behind the truck so quickly that he would be unable to stop his car before he crashed into the rear of the truck * * *."

It follows that we do not believe the evidence authorized the submission of the issue of proximate cause.

It follows that the judgment of the Trial Court is affirmed.