LOUISE SMITH v. JERE MARIE ALEXANDER

4689                                      433 S.W. 2d 157

Opinion Delivered November 4, 1968

*James C. Cole* for appellant.

*Wright, Lindsey & Jennings* by *William R. Overton* for appellee.

LYLE BROWN, Justice.   Louise Smith, plaintiff-appellant, sought recovery for damages arising out of a collision between her car and a vehicle driven by defendant-appellee, Jere Marie Alexander.   The jury verdict favored Jere Alexander.   Louise Smith seeks a reversal based on the court's giving, and refusal to give, certain instructions.

Three cars were traveling in the same direction on Highway 270 near Malvern, Arkansas. The lead driver is not a party to this suit.   Jere Alexander was second in line and Louise Smith was trailing.   At the time of the collision, both ladies were in the passing lane, it ap-

parently being the intention of both to ultimately pass the lead vehicle. Jere Alexander contends that she was the first driver to enter the passing lane and that Louise Smith suddenly struck the rear of the Alexander car. Louise Smith argues that she was first in the passing lane and that Jere Alexander suddenly and without warning pulled out in front of the Smith car. Those highly disputed facts are all that are necessary to an understanding of our conclusions. The three points raised for reversal will be discussed as they are listed in italics.

I. *The Court Erred in Refusing to Give AMI* 101. That instruction is an opening statement to the jury, chiefly concerned with the respective duties of judge and jury. It is designated as a cautionary instruction. The record is silent as to why the trial judge declined to give it. On the other hand there is nothing in the record to show why it should have been given. Appellant made only a general objection. Absent a record to the contrary, we assume the trial judge decided the jury need not be instructed on cautionary matters. It could have been that those same jurors had heard this instruction repeated in previous trials. Considering the state of the record, and the discretion vested in trial courts with reference to cautionary instructions, we are unable to say that reversible error was committed. We would consider it the better practice to give the instruction when requested or recite into the record the specific reasons for refusing to give it. That is because we think the instruction covers substantive matters and a refusal to give it should be an unusual exception.

II. *It Was Error to Give a Rule of the Road Instruction Taken from Ark. Stat. Ann.* § 75-609(*b*) (*Repl.* 1957). Within the format of AMI 903, and at the request of defendant, the court gave this statute:

" . . . the driver of an overtaken vehicle shall give way to the right in favor of the overtaking ve-

hicle on audible signal and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle.''

First, there was no evidence of audible signal having been given by either vehicle. Therefore the instruction tendered an issue not in contention. To that extent the instruction was abstract. *Harkrider* v. *Cox*, 230 Ark. 155, 321 S.W. 2d 226 (1959). Secondly, under the very unusual circumstances of this case the instruction was confusing. The novel situation arises because here we do not have clearly designated *overtaken* and *overtaking* vehicles. In fact, the jury could have surmised that the overtaken vehicle was the lead car. The driver of that car is not charged with any negligence and is not a party to the suit. But how was the jury to know but that the instruction was referring to that driver? It was Louise Smith's claim that she had pulled out to pass Jere Alexander and the latter suddenly pulled out in front of Louise Smith. To the contrary, Jere Alexander contends she was overtaking the lead vehicle and was struck from the rear. Thus we have a situation where both parties to this suit contend they held the status of *overtaking* vehicles. At the same time, plaintiff Smith designates defendant Alexander as an *overtaken* driver. With that confusion created by the testimony, we conclude that the jury could not possibly know how to apply the instruction in the form given. It should also be pointed out that this rule of the road imposes a duty on the driver being overtaken. The duty was shifted to that driver by Act 300 of 1937. There the requirement that an overtaking driver always sound his horn was deleted. Consequently the instruction should not be given unless there is evidence that the driver being overtaken failed to give way to the right on audible signal.

III. *The Court Erred in Giving AMI 902 as Modified.* The form of that instruction, taken from the book, is as follows:

"When two vehicles are traveling in the same direction, the vehicle in front has the superior right to use of the highway [for the purpose of 'leaving it to enter an intersecting road' (or other appropriate language)], and the driver behind must use ordinary care to operate his vehicle in recognition of this superior right. This does not relieve the driver of the forward vehicle of the duty to use ordinary care and to obey the rules of the road."

The trial court gave the instruction exactly as written (excepting, of course, the bracketed portion). Specifically, no insertion was entered as explained in brackets. When that instruction is given the specific and applicable purpose for which the lead car has the superior right to the use of the road should be inserted. Otherwise, the instruction could lead the jury to picture the lead car as having far more rights than really exist. In every instance where the rule has been approved by this Court, the instruction or the law under discussion dealt in specific situations as opposed to a general right blanket in nature.

In *Madison Smith Cadillac Co.* v. *Lloyd,* 184 Ark. 542, 43 S.W. 2d 729 (1931), we held that the lead vehicle has the superior right to the use of the road "for the purpose of leaving it on either side to enter intersecting roads and passageways . . . "; in *Ward* v. *Haralson,* 196 Ark. 785, 120 S.W. 2d 322 (1938), it was stated that the truck driver ahead had the superior right to the use of the road for the purpose of proceeding straight ahead on his right side of the road; in *Cohen* v. *Ramey,* 201 Ark. 713, 147 S.W. 2d 338 (1941), the phrase "intersecting roads and passageways" was inserted in the instruction; in *Acco Transportation Co.* v. *Smith,* 207 Ark. 70, 178 S.W. 2d 1011 (1944), the driver of the wagon was proceeding straight on his side of the road and we held for that purpose he had the superior right to the use of the road as opposed to a driver trailing him; and in *Jones* v. *King,* 211 Ark. 1084, 204 S.W. 2d 548 (1947),

572

there was a turning movement of the lead vehicle in leaving the highway and for that purpose he was declared to have the superior right of use. There are later cases from the same general field; suffice it to say that all which have come to our attention deal in specifics when this rule of. the road is applied.

Reversed.