**Lisa J. WASHINGTON, Appellee,**

v.

**Michael BELL, Appellant.**

**No. 80–1411.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 14, 1981.

Decided Jan. 20, 1981.

Robert C. Compton, Brown, Compton & Prewett, Ltd., El Dorado, Ark., for Washington.

Dennis L. Shackleford & Phillips, P. A., El Dorado, Ark., for Bell.

Before BRIGHT, STEPHENSON, and McMILLIAN, Circuit Judges.

BRIGHT, Circuit Judge.

Michael Bell appeals from a judgment awarding Lisa J. Washington $23,125 in

damages for bodily injuries and property damage that she sustained in an automobile accident during daylight hours on March 26, 1977, on U.S. Highway 65, near Redfield, Jefferson County, Arkansas. The accident occurred when the automobile driven by Bell moved into the passing lane to overtake a slower moving vehicle while Washington was in the process of passing Bell's car. Bell's movement into the passing lane forced Washington to swerve her car onto a loose gravel shoulder, where she lost control of the vehicle and overturned. On appeal, Bell contends that the district court[1] erred in failing to give an instruction outlining the superior rights of a forward vehicle to use of the highway for the purpose of overtaking and passing another vehicle. We reject this contention and, therefore, affirm the judgment.

The undisputed facts disclose that immediately prior to the accident, the automobiles driven by Washington and Bell were among four vehicles traveling in the northbound lane of U.S. Highway 65. A slowly moving gravel truck headed the line of traffic. Bell drove the second vehicle, a 1973 Oldsmobile, and Washington followed Bell in her Pontiac sports car. Franco Lewis operated the fourth vehicle, a pickup truck, and witnessed the accident. Washington moved into the left lane of the two-lane highway and proceeded to pass the Bell vehicle, intending also to pass the slower moving gravel truck. As the Washington vehicle drew even or slightly ahead of the Bell car, Bell suddenly turned into the left lane, causing Washington to veer onto the gravel shoulder where she lost control of the vehicle and overturned in the left ditch.

Washington testified that before proceeding into the left-hand lane, she sounded her horn and turned on her signal light to indicate her intention to pass the Bell vehicle and the gravel truck. Bell disputed that testimony, and Lewis, the driver of the pickup truck, could not recall whether either the Washington or Bell vehicle had signaled for a turn or sounded a horn before moving into the passing lane.

The district court, without objection, instructed the jury generally on the duty of motor vehicle drivers to use ordinary care in the operation of their vehicles and, in addition, instructed the jury on the rules of the road with regard to maintaining a lookout, keeping one's vehicle under control, and driving at a reasonable and prudent speed under the circumstances. Further, the court specifically instructed the jury on the respective rights of vehicles while passing other vehicles moving in the same direction.[2] The court, however, specifically declined to give the following instruction requested by defendant-Bell:

1. The Honorable Oren Harris, United States Senior District Judge for the Western District of Arkansas.

2. The court advised the jury:

You are further instructed ladies and gentlemen that there were in force in the State of Arkansas, at the time of the occurrence certain statutes which provided:

First, Whenever any roadway has been divided into two clearly marked lanes for traffic, a vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made safety. I'm sure that word must be "safely" and that's Arkansas Statute 75–613(a).

Second: There was a statute, which provided upon all roadways of sufficient width a vehicle shall be driven upon the right half of the road, except when overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement.

and, Third: The rules governing the overtaking and passing of vehicles proceeding in the same direction provide that the driver of an overtaken vehicle shall give way to the rights in favor of the overtaking vehicle on audible signal. That is, on the sounding of the horn of the vehicle which is attempting to pass and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle.

However, the Law does not require that the driver of a vehicle intending to pass another sound his horn or give other audible warning signals before attempting to overtake and pass, which is Act 300 of 1937.

A violation of one or more of these statutes, although, not necessarily negligence, is evidence of negligence to be considered along with all of the other facts and circumstances of this case.

When two vehicles are traveling in the same direction the vehicle in front has the superior right to the use of the highway for the purpose of overtaking and passing another vehicle and the driver behind must use ordinary care to operate her vehicle in recognition of this superior right. This does not relieve the driver of the forward vehicle of the duty to use ordinary care and to obey the rules of the road.

Bell argues that the failure to give this instruction constitutes prejudicial error because the evidence at trial raised an issue of fact for the jury on the superior right of a forward vehicle to use of the road. Ordinarily, however, this instruction has been given in cases in which the forward vehicle was either stopped or moving very slowly such that the trailing vehicle should have been put on notice that the forward vehicle might turn onto an intersecting highway or make some other unusual movement in traffic. *See Southwestern Gas & Electric Co. v. Brown*, 197 F.2d 848 (8th Cir. 1952); *Arkansas Best Freight System v. Hillis*, 244 Ark. 791, 427 S.W.2d 166 (1968); *ACCO Transportation Co. v. Smith*, 207 Ark. 70, 178 S.W.2d 1011 (1944); *Madison-Smith Cadillac v. Lloyd*, 184 Ark. 542, 43 S.W.2d 729 (1931). In this case, as previously noted, the forward vehicle, driven by Bell, turned left at a time when the car operated by Washington was even or slightly ahead of it. Under these circumstances, Bell's vehicle cannot be characterized as a forward vehicle within the meaning of the requested instruction.

The Arkansas Supreme Court considered this instruction in *Smith v. Alexander*, 245 Ark. 567, 433 S.W.2d 157 (1968). In that case, Louise Smith, as plaintiff, sought recovery for damages arising out of a collision between her vehicle and another vehicle driven by defendant-appellee, Jere Marie Alexander. Both vehicles had entered the passing lane when Smith, driving the trailing vehicle, struck Alexander's car. Smith argued that she had entered the passing lane first and that Alexander subsequently pulled out in front of her. The trial court gave a general instruction taken from the approved form book:

"When two vehicles are traveling in the same direction, the vehicle in front has the superior right to the use of the highway [for the purpose of 'leaving it to enter an intersecting road' (or other appropriate language)], and the driver behind must use ordinary care to operate his vehicle in recognition of this superior right. This does not relieve the driver of the forward vehicle of the duty to use ordinary care and to obey the rules of the road." [*Id.* at 159, 245 Ark. 567, *quoting AMI 902 as Modified.*]

The court, however, omitted the bracketed portion or any other insertion whatsoever in the instruction. The Arkansas Supreme Court commented:

When that instruction is given the specific and applicable purpose for which the lead car has the superior right to the use of the road should be inserted. Otherwise, the instruction could lead the jury to picture the lead car as having far more rights than really exist. In every instance where the rule has been approved by this Court, the instruction of the law under discussion dealt in specific situations as opposed to a general right blanket in nature. [*Id.*]

As in *Alexander*, defendant-appellant in this case seeks a "superior right" instruction under circumstances that do not warrant its issuance. The undisputed testimony establishes that the automobile driven by Washington had pulled even with or overtaken Bell's vehicle when Bell attempted to maneuver into the passing lane. Thus, Bell's car no longer was the "front" vehicle, and the district court properly rejected the instruction tendered by Bell. As the district court aptly observed, the requested instruction would have been ambiguous in light of the testimony at trial and might have led the jury to believe that Bell had more rights to the use of the highway than really existed under the circumstances.

Under these circumstances, we reject appellant's contention that the denial of the requested instruction in question constituted error.

Accordingly, we affirm.