**LAWRENCE v. EICHER.**

No. 35875.

Supreme Court of Oklahoma.

March 30, 1954.

Rehearing Denied June 1, 1954.

Rinehart & Rinehart, El Reno, Butler, Rinehart & Morrison, Oklahoma City, for plaintiffs in error.

Pierce, Mock & Duncan, James W. Shepherd, Oklahoma City, for defendant in error.

JOHNSON, Vice Chief Justice.

The parties will be referred to herein as they appeared in the trial court.

Plaintiff, Frances A. Lawrence, brought action against P. L. Eicher, defendant, seeking damages for the wrongful death of her four year old son, alleging that defendant negligently drove his car at an excessive rate of speed, failed to keep a proper lookout for the child and failed to sound the automobile horn and ran over and injured said child who died as a result of the injuries thereby suffered.

The defense was by general denial and plea of unavoidable accident.

The trial court, over plaintiff's objections, sustained defendant's motion to take from the jury the question of the defendant's alleged negligence of failure to sound his horn, and so instructed the jury.

From the jury's verdict for defendant and judgment based thereon, plaintiff appeals.

Defendant argues that he had no duty to sound his horn in the absence of actual knowledge of the child's peril, and that the allegation and proof of such negligence was

properly withdrawn from the jury, citing Barton v. Van Gesen, 91 Wash. 94, 157 P. 215; Dollard v. Union Transportation Co., 132 Okl. 53, 269 P. 253; Edelson v. Higgins, 43 Cal.App.2d 759, 111 P.2d 668; Elam v. Loyd, 201 Okl. 222, 204 P.2d 280; and other cases of similar import to sustain his argument, none of which are controlling in the instant case.

Title 47 O.S.1951 § 148(z), Laws of 1949, p. 323, provides in part:

"Every motor vehicle, when operated upon a highway shall be equipped with a horn in good working order, and capable of emitting sound audible under normal conditions for a distance of not less than two hundred (200) feet, but no horn or other warning device shall emit an unreasonably loud or harsh sound or a whistle. The driver of a motor vehicle shall, when reasonably necessary to insure safe operation, give audible warning with his horn but shall not otherwise use such horn when upon a highway."

■ This statute creates a positive duty on the driver of an automobile to give audible warning by sounding his horn when reasonably necessary to insure safe operation. The law is for the benefit of those persons who may be in or upon the public highway, or about to enter upon such highway, who may be injured by such automobile if not so warned, and it is incumbent upon such driver to look ahead for the presence of others who are using, or are about to enter upon and use the highway and to give them warning by sounding his horn when reasonably necessary for safe operation of the car. If such driver neglects this duty, it constitutes negligence. 65 C.J.S., Negligence, §§ 5(b), (c), 9(3) and 19, 47 O.S.1951 § 148(z), supra; Lawson v. Fordyce, 234 Iowa 632, 12 N.W.2d 301, 304, and cases cited therein.

In Lawson v. Fordyce, supra, the court, in construing a statute identical to Section 148, 47 O.S.1951, supra, said:

"Section 5034.41, Code of 1939 [I. C.A. § 321.432], requires every motor vehicle to be equipped with a horn capable of emitting a sound audible under normal conditions from a distance of not less than two hundred feet. The section further states: 'The driver of a motor vehicle shall when reasonably necessary to insure safe operation give audible warning with his horn but shall not otherwise use such horn when upon a highway.' What does the phrase 'to insure safe operation' mean? It must mean operation of a motor vehicle in such manner as, in all reasonable probability, it will not injure the motorist and those riding with him, or any other persons or property rightfully on and using the highway. What do the words 'reasonably necessary' as used in the section mean? Do they not mean and call for the same conduct as the standard, reasonably prudent person would use under the same circumstances? If such a person would sound a horn, to not do so would ordinarily be negligence.

\* \* \* \* \* \*

"\* \* \* In the case before us the situation was one where, under section 5034.41, a jury might say it was 'reasonably necessary to insure safe operation', to have given an audible signal. A jury might reasonably say that is what the ordinarily prudent driver would have done, and that it was the easy and right thing to do.

\* \* \* \* \* \*

"\* \* \* It is the particular province of the jury to determine matters of fact in the trial of a cause. The jurors are especially fitted for that duty. The composite judgment of twelve citizens of the county with their wide and diverse experiences and their varied knowledge is a most efficient instrumentality in passing upon what is or is not negligence, or what the ordinary reasonably prudent and careful person would have done under the circumstances. *It is our conclusion that the court encroached upon the province of the jury in holding as a matter of law that the appellee was not negligent in not sounding a warning horn at the proper time.*" (Emphasis ours.)

On a second appeal the above rule was reaffirmed and declared to be the settled law of the case. Lawson v. Fordyce, 237 Iowa 28, 21 N.W.2d 69.

Defendant herein admittedly did not sound his horn and testified that he was unaware of the child's presence in the highway. Another witness who was driving a car in the same direction and close behind the car driven by defendant testified that he saw the child on the tricycle about half a block away; that the presence of the child was visible to him, and that he kept it in his vision until the accident occurred.

Defendant admitted that while driving down the street, he looked ahead and saw children of tender age near and on the right side of the street in the front yard of the home where the deceased child was admittedly playing and where the accident occurred.

■ Obviously, defendant knowingly was approaching a place where he admittedly saw small children on the same side of the street that he was driving down, which should have caused him to exercise the degree of care their habits and presence required. Van Cleave v. Lynch, 109 Utah 149, 166 P.2d 244. It is well known that motorists seeing a horse, cow or hog on or near the highway (or when it is known that such are present) they sound their horn and reduce their speed and, if necessary, bring their cars to a full stop to avoid hitting such animals. It is true, however, that this caution on the part of motorists is not generally because of any tender solicitude for the dumb animals that might get into their pathway, but rather from the selfish instinct of self-preservation. A child of tender age by nature demands and the law imposes upon a motorist the duty to exercise in behalf of such child that degree of extreme caution which such motorist exercises for his self-preservation, or that degree of care commensurate with the danger arising from the disposition of children, Darr v. Porte, 220 Iowa 751, 263 N.W. 240.

■ It was due to the alarming increase and frightful number of human injuries and deaths caused by the automobile and popular demand for public safety that Title 47 O.S.1951, § 148(z), supra, was enacted.

■ Whether under all the circumstances including knowledge of the presence of the child, public safety would demand the sounding of the horn, was for the jury to determine, and it was error not to submit the issue to the jury.

It is admitted that no such warning was given, and it is argued that the sounding of the horn was required under evidence showing without contradiction that the driver of the automobile didn't see the child whom he killed, which, if true, there would be no negligence in this respect, but the statute was enacted for the protection of the public, not just the child in question, therefore, if public safety demanded the sounding of the horn, failure to do so would be negligence rendering defendant liable if this negligence was the proximate cause of the child's death.

If the erroneous failure to submit the question to the jury under proper instructions probably caused the adverse verdict, the cause must be reversed for a new trial. The court specifically withdrew the question. It did not merely leave out the question of negligence in this respect, and the proximate relationship thereof. Under all the circumstances, we are compelled to say that except for the error, probably the verdict would have been otherwise, and the harmless error rule does not apply. Therefore, the cause is reversed and remanded with directions to grant plaintiff a new trial.

CORN, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.

HALLEY, C. J., and WELCH, DAVISON, and O'NEAL, JJ., dissent.