HALES & HUNTER CO. *v.* WYATT.

5-3308                              386 S. W. 2d 704

Opinion Delivered February 15, 1965.

*Pollard & Hastings,* By: *Odell Pollard,* for appellant.

*Lightle & Tedder,* By: *J. E. Lightle, Jr.,* for appellee.

FRANK HOLT, Associate Justice. The appellant and appellees were in the business venture of raising turkeys.

Pursuant to their written contract the appellant furnished appellees five thousand young turkeys, the necessary food products for them and insurance coverage for the year 1961. As these items were furnished by the appellant, the appellees signed delivery receipt notes, bearing 6% interest, payable to the appellant to cover the financing. This account was to be paid as the turkeys were marketed.

After all the turkeys were marketed the appellant brought suit alleging that a balance of $7,081.69 of the $18,818.04 open account was due and unpaid. Appellees answered alleging the affirmative defenses of fraud and breach of contract and that such resulted in $10,000.00 damages to the appellees.

The trial court held there was no fraud in the procurement of the contract and treated appellees' answer as a counterclaim for damages based upon the allegation that appellant wrongfully refused appellees' request to sell the turkeys when the market was favorable. The court submitted to the jury as separate issues whether appellees were indebted to appellant on the account and, also, whether appellees were entitled to recover damages from the appellant upon the counterclaim. The jury returned its verdict in two forms, both being favorable to appellant. By one form the jury awarded $2,500.00 to appellant upon its complaint and by the other form, found for the appellant upon appellees' counterclaim. From the judgment on these verdicts the appellant brings this appeal.

For reversal appellant contends that the lower court should have sustained its motion for judgment non obstante veredicto. After the verdict but before entry of the judgment, the appellant filed a motion for judgment non obstante veredicto. The court rejected the motion for a judgment of $7,598.14, which represents the amount of the account plus accrued interest, finding that there was substantial evidence to support the verdict of $2,500.00 and that the court was not empowered to take from the jury the right to determine the preponderance

of evidence on this issue. Appellant argues that the court was in error in permitting the jury to consider as a fact question the correctness of appellant's itemized and verified account, contending the appellees had never denied the correctness of the account by either their pleadings or evidence.

Appellees filed an answer verified by their attorney in which they denied "each and every material allegation contained and set forth in the complaint". In an amended verified answer the appellees stated "further" denials. Thus, by their pleadings appellees denied the correctness of appellant's verified account of the indebtedness. Appellant's verified account is only prima facie evidence that it is correct and its accuracy was made a factual issue by appellees' verified answer. *Chicago Crayon Co.* v. *Choate,* 102 Ark. 603, 145 S. W. 197. There we said that the prima facie accuracy of a verified account can be denied by an affidavit, a verified answer, or by the defendant under oath when he testifies as a witness. We also said:

"* * * When such denial of the correctness of the account is made by the defendant under oath in either of these ways, then the burden rests with the plaintiff to prove by *other evidence* the correctness of the account thus denied." [Emphasis added.]

Further, in the case of *Oil Fields Corp.* v. *Cubage,* 180 Ark. 1018, 24 S. W. 2d 328, we recognized that:

"While the common law has been relaxed to the extent that a defendant may have a judgment notwithstanding the verdict in a proper case, still such a judgment can be rendered only when the pleadings entitled the party against whom the verdict is rendered to a judgment."

Therefore, the court was correct in denying appellant's motion for judgment non obstante veredicto since the account was denied by the pleadings. Furthermore, we construe appellees' evidence to have the effect of denying the alleged account.

The appellant also contends for reversal that the trial court erred in not directing a verdict for the plaintiff. The burden of proof was upon the appellant to prove the open account. In *Spink* v. *Mourton,* 235 Ark. 919, 362 S. W. 2d 665, we said:

" * * * the motion for judgment n.o.v. was properly denied unless it can be said that the trial court should have directed a verdict in favor of the plaintiffs. * * *

Owing to the fact that the plaintiff has the burden of proof—that is, the burden of persuading the jury that he is entitled to win the case—a directed verdict for the plaintiff is a rarity. As we said in *Woodmen of the World Life Ins. Soc.* v. *Reese,* 206 Ark. 530, 176 S. W. 2d 708: 'A verdict upon an issue of fact should not be directed in favor of the party who has the burden of proof with respect thereto, unless such fact is admitted, or is established by the undisputed testimony of one or more disinterested witnesses and different minds cannot reasonably draw different conclusions from such testimony.' "

As indicated, we think a disputed issue of fact was presented for the jury's consideration by the pleadings, which included a counterclaim, and the evidence. Furthermore, the only witness offered to prove appellant's verified account was the testimony of its District Manager, Leweke. It is a well settled rule that the testimony of a party to litigation is not to be regarded as undisputed when testing the legal sufficiency of the evidence. In the case of *McDaniel* v. *Johnson,* 225 Ark. 6, 278 S. W. 2d 657, we said:

" * * * we have repeatedly held that the testimony of a party to a suit, *or even one interested in the result of the litigation,* is not to be treated as undisputed in testing the legal sufficiency of the evidence." [Emphasis added.]

The trial court correctly denied appellant's motion for a directed verdict in the case at bar.

Neither can it be said that the jury verdict of $2,-500.00 instead of the $7,598.14 sought is so inconsistent

with the pleadings and proof that the verdict is subject to appellant's motion for judgment non obstante veredicto. We have held that where the jury renders a verdict based upon substantial evidence for more than a nominal amount, although inconsistent with either theory of the case, then the trial court does not have authority to award a larger sum than that determined by the jury. *Fulbright* v. *Phipps,* 176 Ark. 356, 3 S. W. 2d 49.

In the recent case of *Alexander* v. *Mutual Benefit Health & Accident Assn.,* 232 Ark. 348, 336 S. W. 2d 64, the court said:

"* * * In this situation we have recognized in *Fulbright* v. *Phipps,* 176 Ark. 356, 3 S. W. 2d 49, and similar cases, that the partial award may be the result of a compromise in the jury room. It is plain enough that if we undertook to tamper with such a verdict the arguments in favor of increasing it would be equally balanced by those in favor of decreasing it."
Thus, the trial court was correct in refusing to disturb the jury award .

The appellant next urges for reversal that the court erred in refusing to permit the jury to consider certain delivery receipt notes which the appellees signed and gave to the appellant. The court properly excluded these instruments when first offered for, as stated by the trial court, this was a suit upon an open account and not a suit upon the notes. Furthermore, we do not consider the exclusion as being prejudicial since the appellant was later permitted to introduce the notes into evidence for other purposes.

Appellees question the validity of the contract. We cannot consider this contention since appellees never filed any notice of appeal. A timely notice is a jurisdictional prerequisite to the perfection of a cross-appeal. Ark. Stat. Ann. § 27-2106-1 (Repl. 1962); *General Box Co.* v. *Scurlock,* 223 Ark. 967, 271 S. W. 2d 40.

The judgment is affirmed.