ALICE CLAY WHARTON *v.* JAMES D. BRAY
AND JANICE ROGERS BRAY

5-5389                                   464 S. W. 2d 554

Opinion delivered March 8, 1971
[Rehearing denied April 5, 1971.]

*Moses, McClellan, Arnold, Owen & McDermott;*
By: *Charles W. Baker,* for appellant.

*Virginia (Ginger) Atkinson,* for appellees.

FRANK HOLT, Justice. This action, resulting from an automobile accident, was instituted by appellee Janice Bray to recover for personal injuries and property damages and by her husband, appellee James Bray, for loss of consortium. A jury awarded a total of $7,240.95 in damages. From a judgment on that verdict comes this appeal. We first consider appellant's contention that the trial court erred in refusing her requested instruction "concerning duty to avoid danger because said instruction accurately reflects the law which is applicable to the evidence in this case and no other instruction given by the court properly covers this area of the law."

Evidence adduced at trial established that sometime between 6 and 7 p.m. on a mid-November evening, appellant stopped her westbound jeep in the eastbound lane of Lawson Road in order to pick up her mail from a rural route mailbox. Appellee Janice Bray, traveling eastward at about 35 to 40 miles per hour, came upon the parked jeep, swerved to the left, but nonetheless collided with it damaging the right front fender region of each vehicle. Appellee also sustained injuries to the back of her neck. Both parties had their headlights on. Appellant testified that when she observed the approaching car, she began honking her horn to alert its driver. Appellant also stated that she was parked partially off the road; however, although the cars were removed from the road before the investigating officer arrived, the remaining debris indicated that her jeep may have been entirely on the pavement. Other testimony reflected that appellant's jeep was visible to an oncoming car for 800-900 feet, and that even if the jeep were entirely on the road, there remained approximately twelve feet of black-

top on which appellee Janice Bray could have bypassed it. Both parties lived in this vicinity and were familiar with this road.

Appellant's refused instruction, based upon *St. Louis & S. F. R. Co.* v. *Carr,* 94 Ark. 246, 126 S. W. 850 (1910), reads:

> Where a danger is probable or obvious, it is the duty of a person to exercise ordinary care to avoid injury even though the other party was negligent, and this duty to avoid the consequences of another's negligence arises whenever the circumstances are such that an ordinarily prudent person would apprehend their existence. The law requires the exercise of ordinary care to observe danger and avoid it.

For a reason not argued in the briefs, we hold that the trial court did not err in rejecting this particular instruction, even if it is a correct one. This is true because AMI 901 [B], which is applicable to the facts of this case, also accurately states the law and, therefore, preempts appellant's proffered instruction. This is in accordance with our Per Curiam Order of April 19, 1965 which requires the trial judge to give an applicable AMI or, in the event he finds that the AMI does not accurately express the law, to state his reasons for refusing it. The order also implicitly requires the parties to request an applicable AMI (modified if necessary) or, upon tendering a substitute instruction, to state into the record the reasons for which they believe that the AMI is inadequate or inaccurately states the law. In the case at bar, AMI 901 [B] was not requested by appellees, nor was any reason given for tendering the above quoted instruction in its place. The trial court, therefore, properly refused it. *Vangilder* v. *Faulk,* 244 Ark. 688, 426 S. W. 2d 821 (1968).

Among the other contentions for reversal we find merit only in appellant's assertion that the trial court erred in submitting to the jury improper verdict forms; in amending the judgment; and in entering a judgment awarding property damages to appellee James Bray.

In their complaint, appellees alleged individual claims for recovery. James Bray sought only personal damages in the sum of $10,000 for loss of consortium and medical expenses; Janice Bray, however, sought personal damages in the amount of $25,000 for bodily injuries and $500 for property damage to the car which she allegedly owned. Neither appellant nor appellees favored the trial court with verdict forms specifying the elements of recovery, although the appellees informed the court that a specific finding by the jury was desired as to the amount of property damages. The court then prepared and submitted the following to the jury:

We, the jury, find for plaintiffs and assess their damages as follows:

| James Bray | (Personal) $_____ |
| | (Property) $_____ |
| Janice Bray | $_____ |

The jury returned a verdict awarding $600 in personal damages and $1,640.95 in property damages to James Bray and $5,000 to Janice Bray. While reading the verdict, however, the trial court inadvertantly interchanged the personal and property damages awarded to James Bray. The jury was hurriedly discharged because of the late hour and the threat of a snowstorm. Upon a motion for a new trial, the court agreed that it had mistakenly submitted an improper verdict form since Janice Bray and not James Bray was seeking property damages. The error was further compounded since the jury awarded him $1,640.95 in property damages, whereas the proof supported a verdict in this regard for no more than $600.84. The trial court, stating it was "self-evident and crystal clear" that the jury intended the sum of $1,640.95 to be James Bray's personal damages for loss of consortium and $600 for property damages to the automobile, amended the judgment by a transposition of these awards to conform to that interpretation of the verdict.

Appellees argue here on appeal that this amended judgment is correct because it is immaterial which of

them, Janice Bray or James Bray, recovered the property damages since, according to the undisputed proof, they were both owners of the automobile. They then cite authority to the effect that (1) the trial court properly should amend a verdict where it incorrectly expressed the otherwise clear intent of the jury, and (2) the appellant is not in an attitude to complain where she has failed to register an objection to the form of the verdict before the jury was discharged.

While it may be immaterial as to which appellee ultimately receives the awarded property damages, it is not without significance that the jury received a verdict form which did not fully correspond to the pleadings and proof. This may have been the very factor triggering the glaring confusion which the final form of the verdict took. Despite the trial court's contrary observation, we do not find the intent of the jury to be clear. The amended judgment appears to have been based in some degree upon speculation as to what the jury would have done had it been afforded a proper verdict form. Even the trial court was aware of this by stating:

> It could very well be that the Court is not being legally realistic and objective in facing this alleged error. Too, it could very well be that this Court is too conscious of what, in its opinion, the jury intended to do and what it would have done had the verdict form been presented properly.

Furthermore, it cannot be said that appellant failed to timely object to the form of the verdict since the damages awarded to James Bray were admittedly misread by the trial court in a manner which, as indicated previously, made them seem more consistent with the proof.

The $600 awarded to Mr. Bray for loss of consortium is more than a mere nominal sum and, therefore, cannot be increased to an amount which either the trial court or appellees or both consider to be more in harmony with the proof. This item, therefore, must remain as the jury determined it to be. *Hales & Hunter Co.* v. *Wyatt,* 239 Ark. 19, 386 S. W. 2d 704 (1965); *Fulbright* v.

*Phipps*, 176 Ark. 356, 3 S. W. 2d 49 (1928). As to the $1,640.95 awarded to Mr. Bray for property damages, both parties seem to agree that the evidence does not support more than $600.84 damages to the automobile. There was undisputed evidence of co-ownership by the Brays. By Ark. Stat. Ann. § 27-1155 (Repl. 1962) the pleadings can be construed to conform to this proof of ownership and damages without any prejudice to appellant. Since the jury's award of property damages to Mr. Bray is supported only to the extent of $600.84, his judgment is modified and affirmed for that lesser amount. Obviously, the jury's award to Mrs. Bray did not include the element of property damages inasmuch as that item was specifically allocated by the jury to Mr. Bray. Therefore, her judgment for $5,000 is affirmed.

Substituted Opinion delivered March 8, 1971