550 P.2d 274

**VALLEY UTILITIES, INC., Petitioner,**

v.

**John J. O'HARE, Gary E. Samlin, J. Sanchez, Jr., Raymond J. Jaramillo, Margaret V. Sanchez, Adobe Acres Improvement Association, et al., Respondents.**

No. 10788.

Supreme Court of New Mexico.

June 3, 1976.

Kegel & McCulloh, John B. Bigelow, Sante Fe, for petitioner.

Joseph Goldberg, Charles T. DuMars, James K. Gilman, Albuquerque, for respondents.

Toney Anaya, Atty. Gen., Paul Biderman, Asst. Atty. Gen., Sante Fe, Willard F. Kitts, Albuquerque, amici curiae.

OPINION

McMANUS, Justice.

This action began as a class suit brought by five individuals and the Adobe Acres Improvement Association (hereafter Association) on behalf of themselves as well as 475 water users in the Adobe Acres Subdivision (hereafter Subdivision) in Albuquerque asking for tort and contract damages from Valley Utilities, Inc. (hereafter Valley) because of its alleged failure to supply them with water meeting certain minimal standards of quality. Valley appealed to the Court of Appeals after a jury awarded $1,000 damages to each of the 475 water users. The Court of Appeals affirmed with respect to liability. *O'Hare v. Valley Utilities, Inc.*, 89 N.M. 105, 547 P.2d 1147 (Ct.App.1976). We reverse in part.

Class suits are governed in New Mexico by Rule 23 of our Rules of Civil Procedure [§ 21–1–1(23), N.M.S.A.1953 (Repl. Vol. 4, 1970)] which was taken from the "old" (i.e., pre-1966 version of) Rule 23 of the

Federal Rules of Civil Procedure. This "old" Rule 23 creates three types of classes, generally referred to as "true," "hybrid," and "spurious." See 3B J. Moore, Federal Practice § 23.30 (2d ed. 1975). Only the "true" and "spurious" classifications are at issue in this case.

Subsection (a)(1) of Rule 23 allows a class suit "when the character of the right sought to be enforced for or against the class is * * * joint, or common, * * *." This "true" class suit provision makes it possible for the parties to proceed with their claim as representatives of the class. In the case at bar, the trial court concluded that those 272 households which actually belonged to the Association formed a "true" class, while all the other residents of the Subdivision formed a "spurious" class. The court, therefore, considered the verdict binding on all members of the "true" class, and entered final judgment for the Association members.

The trial court deferred judgment as to the 203 other Subdivision households, ordering instead that notice be sent to them informing them of the favorable jury verdict, and inviting them to intervene within sixty days if they wished to share in a final judgment that would award them $1,000 each.

On appeal, Valley raised a number of legal issues. The Court of Appeals issued an opinion in which it disagreed with the trial court only on the denomination of the Association members as a "true" class. *O'Hare v. Valley Utilities, Inc.,* supra. The court ruled that all 475 water users constituted a "spurious" class, and remanded to the trial court to invite nonparticipating Association members to intervene in the same way that the other nonparticipating Subdivision residents had been invited to intervene.

While we agree with the Court of Appeals, for the reasons spelled out in its opinion, that all 475 water users form a "spurious" class, we granted Valley's petition for a writ of certiorari because we were troubled by the procedure adopted by the trial court, and approved by the Court of Appeals, which allowed, and even invited the absent members of the "spurious" class to intervene after the jury had rendered its verdict and a judgment had been entered holding Valley liable. In our opinion, this procedure involves an issue of substantial public interest. It has been raised by petitioner and should be determined by this court. We will restrict our review to this issue, and decline petitioner's request for review of all other issues except insofar as they relate to the intervention procedure.

We are aware that other courts have approved of similar postjudgment intervention procedures. For example, the United States Court of Appeals for the Tenth Circuit in *Union Carbide and Carbon Corporation v. Nisley,* 300 F.2d 561, 588–89 (10th Cir. 1961), petition for cert. dismissed, 371 U.S. 801, 83 S.Ct. 13, 9 L.Ed. 2d 46 (1963), approved of a procedure adopted by other courts:

> "[U]nnamed plaintiffs [are allowed] to intervene and share in the judgment obtained by their representatives, insofar as each is able to prove both membership in the class and damages." (citations omitted).

> "* * * [T]his * * * solution results in the more expeditious and efficient disposition of litigation and ought therefore to be favored."

One of the cases cited by the court in Union Carbide in support of this procedure was *York v. Guaranty Trust Co. of New York,* 143 F.2d 503, 529 (2d Cir. 1944), rev'd on other grounds, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), which was one of the first cases to adopt this procedure. There Judge Frank wrote:

> "Since, in a class suit under clause (3) [of 'old' Rule 23(a)], a judgment will not be res judicata for or against those of the class who do not intervene, we suggest that if, after trial, the court finds against the defendant, appropriate steps be taken to notify all [absent mem-

bers of the spurious class] to intervene (if they have not theretofore done so), judgment to be entered in favor only of those who do so within a reasonable time."

We note, however, that Judge Frank held in a subsequent opinion that this procedure "does not apply to a jury case after the trial has concluded, for it would involve a new hearing of the evidence by the jury." *Bascom Launder Corp. v. Telecoin Corp.*, 204 F.2d 331, 336 (2d Cir.), cert. denied, 345 U.S. 994, 73 S.Ct. 1133, 97 L.Ed. 1401 (1953). There he agreed with the trial court that under such circumstances the judgment should not be held open for absent class members to intervene.

While we understand the logic of the procedure adopted in *Union Carbide* and *York*, supra, we believe it to be a grossly unfair one. As Professor Moore has pointed out in his treatise:

"If the decision was not res judicata for or against those not parties, it should have run only to the benefit of those who had intervened before a trial on the merits. Otherwise other members of the class might have remained on the sidelines while the parties litigated the issues, with no risk of being bound by an unfavorable decision, and then have come in to take advantage of a favorable ruling." 3B J. Moore, Federal Practice, § 23.12 at 2917 (2d ed. 1975). (footnotes omitted).

 We view the "spurious" class suit as merely an invitation to those whose several rights are affected by a common question of law or fact to join in seeking common relief. Those who choose not to join in the litigation are not bound by the decision if it is unfavorable to their position, but neither will they be allowed to join in the judgment if the decision of the court or jury is favorable to their position. In our view, then, the "spurious" class suit closely resembles permissive joinder under Rule 20 and permissive intervention under Rule 24(b) of our Rules of Civil Procedure. See *Union Carbide and Car-*

*bon Corporation v. Nisley,* supra at 601–02 (dissenting opinion). Viewing it in this light, we conclude that intervention by "spurious" class members after a verdict by the jury is not allowed in New Mexico in the absence of extraordinary or unusual circumstances. See *Apodaca v. Town of Tome Land Grant,* 86 N.M. 132, 520 P.2d 552 (1974); *Cooper v. Albuquerque City Commission,* 85 N.M. 786, 518 P.2d 275 (1974); *Richins v. Mayfield,* 85 N.M. 578, 514 P.2d 854 (1973); *Tom Fields, Ltd. v. Tigner,* 61 N.M. 382, 301 P.2d 322 (1956); *Encino State Bank v. Tenorio et al.,* 28 N.M. 65, 206 P. 698 (1922). We acknowledge that the determination of timeliness is a matter largely left to the discretion of the trial court. However, we are convinced that the trial court in this case abused its discretion in permitting intervention after a jury verdict had been entered.

This case clearly demonstrates the problem of "one-way intervention" inherent in our present Rule 23. It indicates to us the need for a reexamination of that Rule. In the case at bar, however we must analyze the facts under present Rule 23, wherein decisions are binding on nonparticipating members of a "true" class, but not binding on nonparticipating members of a "spurious" class.

 Concluding, as we do, that the entire group of water users constituted a "spurious" class, and that only those members of this class who joined the suit prior to the verdict are either bound by it, or allowed to benefit from it, there are few remaining issues. Clearly those who joined in the suit were adequately notified and adequately represented. Those who did not join the suit are not bound by the decision so the question of whether they were adequately notified and represented or not is irrelevant.

Finally, we wish to point out, in response to those who have expressed their concern through amicus curiae briefs, that we agree that the class action suit may possibly be an efficient and useful proce-

dural device. However, we will not in the name of "efficiency" approve of a procedure which invites nonparticipating parties to share in the spoils of a judgment obtained by others even though those absent parties will not be bound by the judgment if they decide to bring another action rather than intervene.

We, therefore, conclude that the only parties entitled to judgment in this action were those who entered the lawsuit prior to the verdict by the jury.

The cause is remanded to the trial court to enter an order in accordance with this opinion.

IT IS SO ORDERED.

OMAN, C. J., and STEPHENSON, MONTOYA and SOSA, JJ., concur.