FRANCISCO v PARCHMENT MEDICAL CLINIC, PC

Docket No. 62496. Decided November 13, 1979. On application by the plaintiffs for leave to appeal the Supreme Court, in lieu of granting leave to appeal, modified the judgment of the Court of Appeals granting the plaintiff a new trial.

Ethel and Merton Francisco brought an action for breach of contract and medical malpractice against Parchment Medical Clinic, P.C., arising out of the treatment of Ethel Francisco for fibrocystic disease and suspected breast cancer by two of the defendant's physicians, Dr. Hoekstra, a general practitioner, and Dr. Hammer, a board-certified general surgeon. The Kalamazoo Circuit Court, Donald T. Anderson, J., refused to admit the testimony of the plaintiffs' expert, Dr. Harvey Golomb of Chicago, on the ground that he was not familiar with the practice of surgeons in Kalamazoo or similar communities, and granted a directed verdict for the defendant on the plaintiffs' claims, both in tort and contract. The Court of Appeals, Danhof, P.J., and V. J. Brennan and R. H. Campbell, JJ., in a per curiam opinion, affirmed in part, including the issue of the qualification of Dr. Golomb, but reversed and remanded for a new trial on the issue of negligence in the treatment of suspected breast cancer (Docket No. 77-2468). The plaintiffs apply for leave to appeal. *Held:*

The standard of care for a specialist is not a local but a national standard because the reliance of the public upon the skills of a specialist and the wealth and sources of his knowledge are not limited to the geographic area in which he practices. Any other standard for a specialist would negate the fundamental expectations and purpose of a specialty. The standard of care for a specialist is that of a reasonable specialist practicing medicine in the light of present-day scientific knowledge. The record in this case shows that Dr. Hammer is a board-certified general surgeon, and hence a specialist. It was reversibly erroneous for the trial court to disallow Dr. Golomb's testimony because he was not familiar with the practice of surgeons in Kalamazoo or similar communities.

The judgment of the Court of Appeals is modified to allow the

plaintiffs a new trial on the issues of negligence including the issue involving treatment of fibrocystic disease.

86 Mich App 583; 272 NW2d 736 (1978) modified.

*Sloan, Zarbock, Risdon, Benefiel & Farrer* for plaintiffs.

*Bennett, Palmer, Lewis, LaParl, Hollander & Stephens, P.C.* (by *Richard A. Milligan*), for defendant.

PER CURIAM. The question is whether the trial court reversibly disallowed expert testimony on the standard of care required of a surgeon treating breast cancer and fibrocystitis because the expert was unfamiliar with the practice in Kalamazoo or similar communities.

In June, 1974, plaintiffs Ethel and Merton Francisco filed a complaint alleging that defendant Parchment Medical Clinic was liable for damages because of breach of contract and medical malpractice. The activities complained of centered upon the actions of two of defendant's doctors, general practitioner Hoekstra and general surgeon Hammer, with regard to the removal of plaintiff Ethel Francisco's breasts in February, 1971.

Dr. Hammer was a board-certified general surgeon. However, the trial court refused to admit the testimony of plaintiffs' expert, Dr. Harvey Golomb of Chicago, as to the standard of care required of Dr. Hammer because the court believed Dr. Golomb "has no knowledge of the characteristics of this community in the medical field and I might add he has no way of comparing it with any other community because he doesn't know the characteristics of this community". Subsequently, the trial court entered a directed verdict in favor of the

defendant on the malpractice and breach of contract claims.

The Court of Appeals upheld the trial court's decision to exclude the proffered testimony by Dr. Golomb, holding:

"The ruling that Dr. Hammer is a general surgeon and thus a general practitioner is within the discretion of the trial court and will not be reversed unless clearly erroneous. In reviewing the testimony adduced at trial it is found that Dr. Hammer considered himself a general surgeon and not a specialist. Dr. Hammer at one time operated on all parts of the body, but with the increasing number of specialists in the community, his practice had narrowed to the abdomen, breasts, thyroid and the extremities. There is no showing that Dr. Hammer held himself out as a specialist in the treatment of some particular organ or disease, and thus, it cannot be said that the trial court's ruling was clearly erroneous. See Anno: *Physicians and Surgeons: Standard of Skill and Care Required of Specialist,* 21 ALR3d 953. Therefore, the plaintiffs' argument in this regard is without merit." *Francisco v Parchment Medical Clinic, PC,* 86 Mich App 583; 272 NW2d 736 (1978).

In a medical malpractice action the plaintiff generally must show by expert testimony that the defendant failed to meet the required standard of care. *Lince v Monson,* 363 Mich 135; 108 NW2d 845 (1961). Before the medical expert may testify, the plaintiff must show that the expert knows the appropriate standard of care. Before *Naccarato v Grob,* 384 Mich 248; 180 NW2d 788 (1970), the standard of care for physicians was that degree of care and skill commonly exercised by the ordinary skillful and prudent physician practicing in the same community as that of the defendant or a similar community.[1]

---

[1] "In order to submit a case of alleged malpractice to the jury, the

Although applied with greater flexibility in cases involving specialists,[2] the "character of the locality"[3] remained an essential criterion in determining the standard of care for all physicians. In *Naccarato v Grob, supra,* the Court ruled that: "Geographical conditions or circumstances control neither the standard of a specialist's care nor the competence of an expert's testimony." 384 Mich at 254.

The specialist is not measured by a local but by a national standard because:

"The reliance of the public upon the skills of a specialist and the wealth and sources of his knowledge are not limited to the geographic area in which he practices. Rather his knowledge is a speciality. * * * Any other standard for a specialist would negate the fundamental expectations and purpose of a speciality. The standard of care for a specialist should be that of a reasonable specialist practicing medicine in the light of present day scientific knowledge." 384 Mich at 253-254.

The instant record shows Dr. Hammer is a board-certified general surgeon, and hence a specialist.[4] It was reversibly erroneous for the trial

plaintiff must produce medical testimony to the effect that what the attending physician or surgeon did was contrary to the practice in that or similar communities, or that he omitted to do something which was ordinarily done in that or similar communities." *Delahunt v Finton,* 244 Mich 226, 230; 221 NW 168 (1928).

"The rule is firmly established that defendant was bound to use the degree of diligence and skill which is ordinarily possessed by the average of the members of the profession in similar localities." *Rytkonen v Lojacono,* 269 Mich 270, 274; 257 NW 703 (1934).

"A physician or surgeon is bound to follow usual and ordinary practice of physicians and surgeons of ordinary learning, judgment or skill in his own or similar localities." *Fortner v Koch,* 272 Mich 273, 281; 261 NW 762 (1935).

[2] See *Sampson v Veenboer,* 252 Mich 660; 234 NW 170 (1931).

[3] *Pelky v Palmer,* 109 Mich 561, 563; 67 NW 561 (1896).

[4] That a board-certified general surgeon is a specialist is supported by the fact that the American Medical Association and the Advisory

court to disallow Golomb's testimony because he was not familiar with the practice of surgeons in the community of Kalamazoo or similar communities. It does not matter whether the practice in Chicago and in Kalamazoo is similar; the standard for a specialist is a national standard, not a local one.

Pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we modify the Court of Appeals decision so as to allow plaintiffs a new trial on the issues of negligence including the issue involving treatment of fibrocystic disease.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

---

Board of Medical Specialties recognize general surgery as a specialty. See 1 Lawyers' Medical Cyclopedia (1966 ed), § 1.8, p 13. Note also a reference by WILLIAMS, J., in *Siirila v Barrios,* 398 Mich 576, 622, fn 12; 248 NW2d 171 (1976), to "specialists such as surgeons".