## PIETRZYK v CITY OF DETROIT

Docket No. 60802. Submitted December 14, 1982, at Detroit.—Decided
February 10, 1983. Leave to appeal denied, 417 Mich 1100.5.

Joseph Pietrzyk brought a medical malpractice action in Wayne
Circuit Court against the City of Detroit, Detroit General
Hospital, and Dr. Stephanie Lucas, seeking damages for the
failure of defendants to remove a bullet from his leg. Carl F.
Ingraham, J., permitted the admission of the testimony of Dr.
George Miller on the question of the applicable standard of
care in emergency room treatment of gunshot wounds despite
the doctor's 20-year absence from an emergency room setting
and instructed the jury on comparative negligence on the basis
of testimony that plaintiff failed to follow the doctor's instruc-
tion to return for a check-up and that such check-up might
have resulted in a decision to surgically remove the bullet. The
jury returned a verdict of no cause of action as to Dr. Lucas,
returned a verdict of $50,000 against the City of Detroit and
Detroit General Hospital, and found plaintiff's comparative
negligence to be 50%. The City of Detroit and Detroit General
Hospital appeal, asserting that the trial court erred in qualify-
ing Dr. Miller as an expert on emergency room care. Plaintiff
cross-appeals, asserting that the trial court erred in giving the
standard jury instruction on comparative negligence. *Held:*

1. The question of the qualification of an expert witness is
addressed to the discretion of the trial court, and the exercise
of that discretion will not be reversed on appeal in the absence
of a clear showing of abuse of discretion. The mere absence of
the doctor who testified as an expert witness from the emer-
gency room setting for an extended period of time was not
dispositive of his ability to testify as to the applicable standard

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 31 Am Jur 2d, Expert and Opinion Testimony § 27.
   61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 200 *et
   seq.*
[3] 5 Am Jur 2d, Appeal and Error § 843.
[5] 75 Am Jur 2d, Trial § 645 *et seq.*
[6] 75 Am Jur 2d, Trial §§ 754, 755.
   New Topic Service, Comparative Negligence § 56.

of care. The extended absence from the emergency room setting goes to the weight of his testimony rather than its admissibility. The record does not establish an abuse of discretion by the trial court in qualifying the doctor as an expert witness.

2. The standard jury instruction on comparative negligence was applicable under the facts of this case and accurately states the applicable law.

3. The trial court on remand should determine the amount of attorney fees, if any, to which plaintiff may be entitled pursuant to local court rules.

Affirmed and remanded.

1. WITNESSES — EXPERT WITNESSES — MEDICAL MALPRACTICE.

The proper test for determining whether a person is qualified to testify as an expert witness in a medical malpractice trial is whether the witness is familiar with the appropriate standard of care.

2. WITNESSES — EXPERT WITNESSES — MEDICAL MALPRACTICE.

An expert witness in a medical malpractice trial must possess the necessary learning, knowledge, and skill or practical experience that would enable him to competently testify concerning the appropriate area of medicine.

3. WITNESSES — EXPERT WITNESSES — APPEAL.

The determination of whether a witness is sufficiently qualified to give opinion testimony is left to the discretion of the trial judge, whose decision will not be reversed absent an abuse of discretion.

4. WITNESSES — EXPERT WITNESSES — MEDICAL MALPRACTICE.

The length of absence from a particular type of medical service is not dispositive of whether a doctor is qualified to give expert testimony in a medical malpractice action, rather the touchstone is whether the doctor is familiar with the applicable standard of care.

5. TRIAL — JURY INSTRUCTIONS — STANDARD JURY INSTRUCTIONS.

Pertinent portions of the Michigan Standard Jury Instructions must be given in every civil action so long as the instruction is applicable and so long as it accurately states the applicable law (GCR 1963, 516.6[2]).

6. TRIAL — JURY INSTRUCTIONS — STANDARD JURY INSTRUCTIONS — MEDICAL MALPRACTICE — COMPARATIVE NEGLIGENCE.

The standard jury instruction on comparative negligence was properly given in a medical malpractice action where there was

evidence that the plaintiff failed to follow the doctor's instructions concerning further check-ups and that abiding by those instructions might have changed the course of treatment (SJI 11.01).

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for plaintiff.

*James S. Goulding,* for defendants.

Before: DANHOF, C.J., and J. H. GILLIS and H. E. DEMING,* JJ.

PER CURIAM. Both plaintiff and defendants Detroit General Hospital and City of Detroit appeal as of right from a jury verdict in favor of plaintiff in this medical malpractice action. The jury found no cause of action against defendant Lucas and awarded a $50,000 verdict against the City of Detroit and Detroit General Hospital, reducing it by 50% due to plaintiff's comparative negligence.

Defendants appeal the trial court's admission of testimony of plaintiff's medical expert witness, Dr. George Miller, regarding the applicable standard of care in the emergency room treatment of gunshot wounds. Plaintiff cross-appeals the trial court's instruction to the jury on comparative negligence.

In Michigan, the test for determining whether a witness is qualified as an expert witness in a medical malpractice action is whether the witness is familiar with the appropriate standard of care. *Swanek v Hutzel Hospital,* 115 Mich App 254, 257; 320 NW2d 234 (1982); *Francisco v Parchment Medical Clinic, PC,* 407 Mich 325, 327; 285 NW2d 39 (1979). The witness must possess the necessary

* Circuit judge, sitting on the Court of Appeals by assignment.

learning, knowledge and skill, or practical experience that would enable him or her to competently testify about that area of medicine. *Siirila v Barrios,* 398 Mich 576, 591; 248 NW2d 171 (1976); *Swanek, supra.* This Court will not reverse a trial court's ruling on the qualifications of an expert witness absent an abuse of discretion. *Wood v Posthuma,* 108 Mich App 226, 230; 310 NW2d 341 (1981); *Swanek, supra.*

Defendants argue that Dr. Miller's 20-year absence from an emergency room setting precluded him from testifying on the standard of care applicable in a city hospital emergency room. Defendants further argue that no evidence was introduced to establish that Dr. Miller was familiar with the treatment of gunshot wounds. We do not agree.

In *Haisenleder v Reeder,* 114 Mich App 258; 318 NW2d 634 (1982), plaintiffs filed a medical malpractice action against a hospital and two doctors alleging the negligent treatment of their 16-year-old son, resulting in his death. The decedent had been rushed to the emergency room due to symptoms associated with Reyes Syndrome. At trial, plaintiffs sought to introduce the expert testimony of Dr. Baublis, a medical doctor, who had last practiced in an emergency room setting while a resident during the years 1956 through 1959. The trial court refused to admit the doctor's testimony on the ground that his knowledge of the standard of care applicable in an emergency room setting was theoretical only and not the result of recent, personal experience in an emergency room. This Court reversed the trial court's ruling in *Haisenleder,* holding that the witness's absence from the emergency room setting from 1959 to 1972 was not dispositive of his ability to testify about the appli-

cable standard of care. Dr. Baublis had also testified that he was engaged in consultation work and stated that he was familiar with the applicable standard of care. 114 Mich App 265.

The ruling of *Haisenleder* is applicable to the present case. Although Dr. Miller has long been removed from emergency room practice, he did testify about his many years of experience as a surgeon, including his extensive experience in orthopedic surgery. Dr. Miller testified that he was familiar with the standard of care applicable in this case. There is nothing in the record to suggest that the trial court abused its discretion in admitting the testimony of Dr. Miller as an expert medical witness. Dr. Miller's 20-year absence from an emergency room setting goes to the weight of his testimony and not to its admissibility.

Plaintiff has filed a cross-appeal challenging the trial court's reading of the standard jury instruction on comparative negligence, SJI 11.01.

In Michigan, pertinent portions of the Michigan Standard Jury Instructions must be given in every civil action so long as the instruction is applicable and so long as it accurately states the applicable law. GCR 1963, 516.6(2); *Javis v Ypsilanti Bd of Ed,* 393 Mich 689, 697; 227 NW2d 543 (1975).

In the present case, defendants introduced evidence which, if believed, established that non-life-threatening bullet wounds are routinely observed for a period of weeks before a final decision is made to remove a bullet or leave it in place. Defendants also introduced evidence which, if believed, established that plaintiff had been instructed to return to the hospital for a check-up three weeks after the shooting but that he failed to do so. Dr. Krome testified that if plaintiff had continued his periodic check-ups as instructed, it is

possible that the bullet would have subsequently been removed. This evidence sufficiently establishes the applicability of an instruction on comparative negligence.

Moreover, the standard jury instruction given, SJI 11.01, accurately stated the applicable law in Michigan. With the adoption of the pure form of comparative negligence in this state in *Placek v Sterling Heights,* 405 Mich 638, 662; 275 NW2d 511 (1979), liability for damages in a negligence action is apportioned on the basis of the relative fault of plaintiff and defendants. The trial court did not err in giving the standard jury instruction on comparative negligence.

The judgment is affirmed and the case is remanded to the trial court for a determination of the amount, if any, of attorney fees to which plaintiff may be entitled pursuant to the local court rule, WCCR 403.15(d).

Affirmed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.