**Helen THOMAS, Mother and Next Friend of Amanda K. Thomas, and Helen Thomas, Appellants,**

**v.**

**John C. GILLIAM, Appellee.**

**No. 68566.**

Supreme Court of Oklahoma.

April 11, 1989.

Rehearing Denied June 20, 1989.

---

Duke Halley, Duke Halley Law Office, Woodward, for appellants.

Romain S. Mossman, Woodward, for appellee.

KAUGER, Justice.

In this case of first impression, the only question presented on certiorari is whether the trial court erred by refusing to give requested special jury instructions outlining the standard of care imposed on a motorist for the safety of a nine-year-old pedestrian. The court gave the "ordinary standard of care" instruction because No. 10.5 of the Oklahoma Uniform Jury Instructions–Civil (OUJI–CIV) provided that no special instructions should be given on the care required for the safety of a child. We find that the trial court properly followed the directives of the Oklahoma Uniform Civil Jury Instructions.

## FACTS

On June 6, 1984, the appellee, John C. Gilliam, was driving his van in a southerly direction on Lakeview Drive in Woodward, Oklahoma, traveling at a speed of approximately thirty five miles per hour. He saw two girls, who appeared to be between eight and eleven years old. The girls were walking and skipping on the right side of the road near the middle of the southbound lane. After he saw the girls, Gilliam reduced his speed to approximately twenty-five miles per hour, honked his horn twice, and because there was no approaching traffic, moved over to the left side of the road. As he passed the girls, he slowed to approximately fifteen miles per hour. Suddenly, nine-year-old Amanda K. Thomas pivoted left, ran across the center of the road and collided with his car.

Her mother and next friend, Helen Thomas, filed an action in the district court of Woodward County seeking damages for Amanda's injuries. At the conclusion of the evidence, Amanda's attorney requested that the jury be instructed on two "care required for safety of child" instructions. The trial court refused to give the requested instructions because No. 10.5 of the OUJI–CIV provides that no special instruction should be given on the care required for the safety of a child. The jury, in a 10–2 verdict for the appellee, assessed the comparative negligence of the parties. The child was found to be 75% negligent, and the driver to be 25% negligent in causing the accident and the resulting injuries.

Amanda appealed, and the Court of Appeals found that the trial court erred when it refused to give her requested instructions concerning the standard of care of drivers toward children. The Court of Appeals noted that the requested instructions

were based on *Bready v. Tipton,* 407 P.2d 194, 200 (Okla.1965), and *Lawrence v. Eicher,* 271 P.2d 320, 323 (Okla.1954). The *Bready* Court approved a special care jury instruction for a boy ten years and four months old. It held that it was the jury's prerogative to consider the natural propensities of a child of his age; and that the jury must determine whether, under all the circumstances, the driver had the right to assume, without honking his horn, that the boy would remain riding on the south side of the highway in a position of safety rather than attempting to cross the road. In *Lawrence,* a four year old child was killed after it was struck by a car. The Court approved a "child of tender years" instruction, finding that a child of tender years demands, and the law imposes, the duty of extreme care. (Both *Bready* and *Lawrence* were promulgated before the adoption of the Oklahoma Uniform Jury Instructions.)

## THE TRIAL COURT PROPERLY FOLLOWED THE OKLAHOMA UNIFORM JURY INSTRUCTIONS—CIVIL NO. 10.5.

### A

In 1968, the Oklahoma Legislature authorized the Supreme Court of the State of Oklahoma to prescribe and institute uniform instructions to be given in jury trials of civil cases in order to effectuate an equal and uniform administration of justice. The Legislature recognized that many judgments in actions tried by juries were reversed because of errors in jury instructions; and that in some instances, justice was withheld, delayed, or denied because of erroneous instructions.[1] (The obvious purpose of the OUJI is twofold: 1) to provide juries with clear, concise, uniform, and unbiased instructions to guide their deliberations; and 2) to increase the efficiency of trial counsel and trial courts by eliminating the need to draft and select proposed instructions on commonly encountered subjects.)[2]

On December 14, 1981, the Oklahoma Supreme Court adopted the Oklahoma Uniform Jury Instructions—Civil (OUJI–CIV) with an effective date of January 1, 1983. The Oklahoma Uniform Jury Instructions were first considered in a criminal case. The Oklahoma Court of Criminal Appeals examined the refusal of the trial court to give the Oklahoma Uniform Jury Instruction—Criminal (OUJI–CR) NO. 744, the instruction on self defense, and No. 749 defining "aggressor" in *Keith v. State,* 709 P.2d 1066, 1070 (Okla.Crim.1985). It found that the uniform instruction on self defense was clear and concise, and that the instruction the trial court gave was not. It also found that the trial court's instruction failed to adequately define "aggressor". Because of the accumulation of errors, including the failure to use the OUJI–CR, the case was reversed and remanded.[3]

1. Title 12 O.S. § 577.1 provides:
   "Inasmuch as many judgments in actions tried by juries are set aside and vacated on account of errors in instructions; and, whereas, justice is withheld, delayed, and, in some cases, denied on account of such erroneous instructions; and, the compilation and adoption of a body of uniform instructions in civil and criminal cases tried by juries in the courts of this state is necessary to the equal and uniform administration of justice; and, whereas, the justices and judges of the appellate courts of this state are in the best position to properly prescribe such instructions on this subject to the Legislature; the Supreme Court of the State of Oklahoma and the Court of Criminal Appeals of Oklahoma are respectively requested and authorized to proceed to prescribe and institute uniform instructions to be given in jury trials of civil or criminal cases, such instructions to be called: 'Oklahoma Uniform Jury Instructions.' (OUJI)."

2. *Javis v. Bd. of Educ.,* 393 Mich. 689, 227 N.W. 2d 543, 546 (1975).

3. Robert E. Lee Richardson explained the rationale for OUJI–Crim. in "Oklahoma's Uniform Jury Instructions for Criminal Cases" 53 OBJ 803 (1982):
   "... It was discovered that the jurors had trouble understanding legal jargon, 'particularly when sitting consecutive cases with differing elements required for convictions.'
   "In an earlier project, the Center for Jury Studies found that 39 percent of jurors did not comprehend typical instructions. However, after the instructions were redrafted for clarity, only 13 percent of the jurors failed to comprehend their meaning. In its most recent research on jurors, the Center stated: 'In

Since the effective date of the OUJI–CIV, we have had two occasions to consider their application.[4] We first addressed the OUJI–CIV in *Woodall v. Chandler Material Co.*, 716 P.2d 652–53 (Okla.1986). The Woodall Court concluded: that 12 O.S.1981 § 577.2 directs all trial courts to use the instructions set forth in OUJI–CIV; that if the trial court finds that the instructions are inaccurate, it may modify instructions to cover the subject being submitted; and that the trial court is duty-bound to submit simple, brief, impartial, and non-argumentative instructions if the OUJI does not contain an appropriate instruction.[5] Recently, in *Studebaker v. Cohen*, 747 P.2d 274, 276 (Okla.1987), this Court considered whether the addition of an "Act of God" instruction in the unavoidable accident instruction, OUJI No. 9, was proper. We found that the OUJI–CIV did not contain an Act of God instruction, and that the trial court should have given the instruction as written.

## B

Instruction No. 10.5 of the OUJI–CIV, "Care Required for Safety of Child", states that no instruction should be given. The explanation for not giving the instruction is that:

A 'Care required for safety of child' instruction should not be given. The standard of care is ordinary care, and anticipation of the behavior of chldren is one circumstance as to what constitutes ordinary care in the situation. The essence of the instruction is that one must anticipate the ordinary behavior of children and exercise greater care for their protection.

The statute is couched in language which leaves no doubt concerning the mandatory nature of the OUJI. Pursuant to 12 O.S. 1981 § 577.2, if the OUJI contains a pertinent applicable instruction, the trial court *"shall"* use the instruction unless the trial court determines that the instruction does not accurately state the applicable law.[6]

---

summary, these judges granted jurors high marks for conscientiousness, but learned that jurors need all the help they can get to function more effectively. Clearer instructions, free of legal jargon and delivered early in the trial, would set jurors on the proper course.' "One of the principal goals of the Commission on Oklahoma Uniform Jury Instructions (Criminal) has been to make every effort to assure not only that each instruction is capable of being understood by jurors, but also to assure that all instructions given in a particular case are understood. Clarity has been the Commission's guideline ..."

4. Arkansas adopted the Arkansas Model Instructions (AMI) in 1965. Consequently, the Arkansas Supreme Court has frequently scrutinized the mandatory use of Uniform Jury Instructions. *Southeast Constr. Co. v. Eudy*, 252 Ark. 649, 480 S.W.2d 571, 574 (1972); *Chicago, Rock Island & Pacific R.R. Co. v. Hughes*, 250 Ark. 526, 467 S.W.2d 150, 153 (1971); *Wharton v. Bray*, 250 Ark. 127, 464 S.W.2d 554–55 (1970); *Vangilder v. Faulk*, 244 Ark. 688, 426 S.W.2d 821, 825 (1968); *Adkins v. Kelley*, 244 Ark. 199, 424 S.W.2d 373, 377 (1968). In 1968, the Arkansas Supreme Court decided *Adkins*. The *Adkins* Court reversed and remanded the cause because the trial court had given a requested instruction at variance with the AMI. The *Adkins* Court stated:

"The purpose of the AMI was to save valuable time in settling instructions at the trial level,

to attain uniformity, to reduce confusion, to allow composition of instructions by the courts and attorneys with confidence and ease, and insofar as possible, with such accuracy as to reduce the number and necessity of appeals. The per curiam requirement, supra, recognized the necessity for flexibility in the use of AMI. Thus, the trial judge may modify if he feels that AMI does not accurately state the law, and by placing his reasons in the record, the attorneys in considering an appeal, and the appellate court, in considering the points relied upon, may go straight to the heart of the alleged error and adjudge the validity of the refusal or modification of the instruction with greater dispatch and with greater accuracy as to specific point relied on. To accomplish the purposes of AMI we must insist upon its use where applicable, to hold otherwise, would place us back into the confusion and inaccuracy of the pre-AMI era and destroy the usefulness and purpose of AMI."

5. See also *Vangilder v. Faulk*, note 4, supra.

6. Title 12 O.S. § 577.2 provides in pertinent part:

"Whenever Oklahoma Uniform Jury Instructions (OUJI) contain an instruction applicable in a civil case or a criminal case, giving due consideration to the facts and the prevailing law, and the court determines that the jury should be instructed on the subject, the OUJI instructions shall be used unless the court

Failure to use the uniform instruction is error unless the court finds an instruction to be erroneous or otherwise improper, and so states its reasons for not using the OUJI into the record.[7]

The recognition of the propensities of children is within the common knowledge of the ordinary juror, and is an implicit factor in any jury's deliberation in reaching a verdict.[8] It is readily apparent that ordinary care, insofar as young children are concerned, involves the exercise of greater care. Therefore, there was no reason to include a special instruction on the care required for the safety of a child.

CERTIORARI GRANTED; OPINION OF THE COURT OF APPEALS VACATED; TRIAL COURT AFFIRMED.

HARGRAVE, C.J., OPALA, V.C.J., and LAVENDER, DOOLIN and SUMMERS, JJ., concur.

HODGES, SIMMS and ALMA WILSON, JJ., dissent.

SIMMS, Justice, dissenting:

I respectfully dissent. I agree that Oklahoma Uniform Jury Instructions (OUJI) *should* be given *when the facts in evidence so indicate.* I cannot, however, accede to the view expressed today that the OUJIs should *necessarily* be given to the exclusion of other instructions which more accurately state the law in Oklahohoma and which, as in this case, are instructions this Court has consistently recognized as proper when dealing with the degree of care required for the safety of a child. Nor can I accept the majority's apparent reliance on committee comments to the in-

structions as support for the result pronounced today.

Title 12, O.S.Supp.1988, § 577.2, (Fn. 6 of the majority opiinion) acknowledges the necessity for discretion by a trial judge when instructing the jury. The majority disregards a crucial statutory qualification when it states that the trial court *"shall"* use a OUJI instruction. (emphasis theirs). The statute continues, as the majority recognized yet did not emphasize, that a OUJI shall be used *"unless the court determines that it does not accurately state the law."* This Court's order adopting the Uniform Instructions uses that statutory language. Instruction No. 10.5 of OUJI–CIV does not accurately state the applicable law with respect to the degree of care required for the safety of a child.

The long settled common law rule in Oklahoma is that *a child of tender years cannot be guilty of contributory negligence.* Hampton v. Hammons, Okl., 743 P.2d 1053, 1061 (1987); Connor v. Houtman, Okl., 350 P.2d 311 (1960). The age parameters wherein children are deemed to be of tender years is equally well settled and undisputed. *A child* under the age of seven years or, in the absence of evidence establishing capacity, one between the ages of seven and fourteen years, *is presumed incapable of negligence.* See: Ramage Mining Co. v. Thomas, 172 Okl. 24, 44 P.2d 19, 23 (1935); City of Shawnee v. Cheek, 41 Okl. 227, 137 P. 724 (1913). See also: Strong v. Allen, 768 P.2d 369, 372 n. 1 (1989) (dissenting opinion by Opala, V.C.J.). The Oklahoma Uniform Jury Instructions were not adopted as a means to eviscerate the common law rules in Oklahoma. Judge William Means of the Court of Appeals,

determines that it does not accurately state the law. Whenever OUJI does not contain an instruction on a subject on which the court determines that the jury should be instructed, the instruction given on that subject should be simple, brief, impartial and free from argument. Counsel for either party or parties shall have a right to request instructions by so requesting in writing. .
Each instruction shall be accompanied by a copy, and a copy shall be delivered to opposing counsel. In addition to numbering the copies and indicating who tendered them, the

copy shall contain a notation substantially as follows: ..."
See also, *Javis v. Bd. of Educ.,* note 2, supra.; *Pietrzyk v. Detroit,* 123 Mich.App. 244, 333 N.W. 2d 236, 238 (1983).

**7.** *Hudson v. Carr,* 668 S.W.2d 68, 71 (Mo.1984); *Karashin v. Haggard Hauling & Rigging, Inc.,* 653 S.W.2d 203, 206 (Mo.1983); *Chapin v. Rogers,* 80 N.M. 684, 686, 459 P.2d 846, 848 (1969).

**8.** The child's mother testified that she was an average nine year old, thus establishing capacity.

Tulsa Division, was correct when in this case he wrote:

"On appeal plaintiff argues that the court erred in refusing her requested instructions Nos. 16 and 17, concerning the standard of care of drivers toward children. Plaintiff's requested instruction were based on *Bready v. Tipton*, Okl., 407 P.2d 194 (1965), and *Lawrence v. Eicher*, Okl., 271 P.2d 320, 323 (1954). These instructions correctly state the law in Oklahoma regarding the standard of care of drivers toward children. As the *Bready* court noted, 'children are not in the same category as normal adults.' 407 P.2d at 199. Thus 'the law imposes upon a motorist the duty to exercise in behalf of such child' a 'degree of extreme caution.' *Id.*"

"The trial court committed reversible error in failing to instruct the jury concerning the appropriate standard of care. While the court's instructions regarding negligence and comparative negligence were correct statements of law, these instructions were incomplete without a statement concerning the duty of motorists toward children. Thus, the failure of the trial court to give any instruction similar to Plaintiff's requested instructions Nos. 16 and 17 was error."

Blind, dogmatic, dedication to a set of Uniform Jury Instructions in disregard of settled principles of common law does, in my view, a grave disservice to both the concept of a system of uniformity in decision making and to our system of justice under law in general. This is also why I am troubled by the majority's apparent deference to the committee comments which accompany the OUJI in question. While, in the narrowest sense, the questions decided today are of first impression in Oklahoma, such is not the case in neighboring jurisdictions. The decisions from those jurisdictions could have provided the majority with some helpful insight.

Not too recently, the Supreme Court of New Mexico was called upon to examine that state's uniform instructions in an analagous context in *Jewell v. Seidenberg*, 82 N.M. 120, 477 P.2d 296 (1970). In *Jewell*, the issue was what effect the failure to use a uniform instruction had on the appellant's trial. There, the court conducted a thorough analysis of cases from other jurisdictions and recognized that, while the New Mexico uniform instructions were mandatory, that court "did not intend to place form over substance in adopting the instructions", 477 P.2d at 300; the instructions were to be a standard by which the court determined whether or not there had been a fair trial. Other jurisdictions with mandatory uniform jury instructions have reached similar results with similar reasoning. See e.g.: *Florida East Coast Railway Co. v. McKinney*, 227 So.2d 99 (Fla. App.1969); *Adkins v. Kelley*, 244 Ark. 199, 424 S.W.2d 373 (1968); *Smith v. Alexander*, 245 Ark. 567, 433 S.W.2d 157, 159 (1968).

More recently, the New Mexico courts observed that Committee Comments were of no relevance in deciding whether a uniform instruction should be modified: "[c]ommittee comments are not the equivalents of the Directions for Use." *O'Hare v. Valley Utilities, Inc.*, 89 N.M. 105, 547 P.2d 1147 (App.1976), rev'd in part on other grounds: 89 N.M. 262, 550 P.2d 274 (1976). The majority's reliance on committee comments in reaching its result here is misplaced. Today's pronouncement elevates rule by committee over the rule of Common Law. I feel compelled to note also the inherent inconsistency in that very committee comment. On one hand, it is stated that no instruction should be given, that ordinary care is the proper standard. However, the very next sentence recognizes a duty to "exercise greater care for their protection."

The very statute which authorizes the use of Uniform Jury Instructions in Oklahoma recognizes that there may be inherent inadequacies in those instructions when applied to various cases. The plaintiff's proposed instructions are the proper, accurate, statements of Oklahoma Law regarding the duty owed by drivers to children of tender years. Therefore, I would deny certiorari in this case which would leave the matter remanded for a new trial consistent with the opinion of the Court of Appeals.

I am authorized to state that Justice ALMA WILSON joins with the views expressed in this dissenting opinion.