HUGHES v ALLIS-CHALMERS CORPORATION

Docket No. 78-3664. Submitted December 5, 1979, at Detroit.—Decided March 17, 1980. Leave to appeal applied for.

Plaintiff, Emma L. Hughes, is the administratrix of the estate of Russell A. Hughes, who died from an accident that occurred while he was working in the course of his employment. There were no eyewitnesses to the accident. Decedent was found dead, lying on his back under the loader on which he had been working, with his left shoulder pinned by the right front tire. Plaintiff filed suit in the Wayne Circuit Court against Allis-Chalmers Corporation, the manufacturer of the loader, and Earle Equipment Company, who sold the loader to decedent's employer. By stipulation, Earle Equipment Company was dismissed as a party. Plaintiff's theory at trial was that decedent fell from the right-hand side of the loader between the right front and rear tires and struck his head. Plaintiff theorizes that the loader then rolled back, pinning decedent's shoulder. Plaintiff contended that a guardrail was recommended by the Society of Automotive Engineers and that Allis-Chalmers was negligent in failing to install such a guardrail. The court, Roland L. Ozark, J., entered judgment for plaintiff upon a jury verdict and denied defendant's motion for judgment n.o.v. and a new trial. Defendant appeals. *Held:*

1. Defendant objected to the testimony of plaintiff's expert witness as to the cause of decedent's injuries and to the reasonableness of the design of the loader. Rules governing the admissibility of testimony of expert witnesses are: (1) there must be an expert; (2) there must be facts in evidence which require or are subject to examination and analysis by a competent expert; and (3) there must be knowledge in a particular area that belongs more to an expert than to the common man. Ordinarily, the qualification of competence of expert witnesses is a matter for the discretion of the trial judge. It is incumbent

REFERENCES FOR POINTS IN HEADNOTES
[1] 31 Am Jur 2d, Expert and Opinion Evidence § 3.
[2] 31 Am Jur 2d, Expert and Opinion Evidence § 16 *et seq.*
[3] 31 Am Jur 2d, Expert and Opinion Evidence § 31.
[4] 4 Am Jur 2d, Appeal and Error §§ 112, 969.

upon the person offering an expert witness to show that the witness possesses the necessary learning, knowledge, skill or practical experience to enable him to give such testimony. The witness was a safety expert with qualifications sufficient to render an expert opinion on both issues.

2. The standard for review of a lower court determination to deny a motion for judgment notwithstanding the verdict is whether, after viewing the facts and all legitimate inferences therefrom in the light most favorable to the party opposing the motion, reasonable men could differ. If they can, the question is one for the trier of fact. The trial court properly denied defendant's motion for judgment n.o.v.

Affirmed.

1. EVIDENCE — EXPERT TESTIMONY — JUDGE'S DISCRETION — ABUSE OF DISCRETION — APPEAL AND ERROR.

Admission or exclusion of expert testimony is within a trial court's discretion and the trial court's decision will not be disturbed unless it is clearly erroneous.

2. EVIDENCE — ADMISSIBILITY — WITNESSES — EXPERT WITNESSES.

Rules governing the admissibility of testimony of expert witnesses are: (1) there must be an expert; (2) there must be facts in evidence which require or are subject to examination and analysis by a competent expert; and (3) there must be knowledge in a particular area that belongs more to an expert than to the common man.

3. WITNESSES — EXPERT WITNESSES — COMPETENCE.

Ordinarily, the qualification of competence of expert witnesses is a matter for the discretion of the trial judge; it is incumbent upon the person offering an expert witness to show that the witness possesses the necessary learning, knowledge, skill or practical experience to enable him to give such testimony.

4. APPEAL — JUDGMENT — NOTWITHSTANDING VERDICT — STANDARD FOR REVIEW — TRIER OF FACT.

The standard for review of a lower court determination to deny a motion for judgment notwithstanding the verdict is whether, after viewing the facts and all legitimate inferences therefrom in the light most favorable to the party opposing the motion, reasonable men could differ; if they can, the question is one for the trier of fact.

*Goodman, Eden, Millender & Bedrosian* (by *Joan Lovell* and *James A. Tuck*), for plaintiff.

*Tyler & Canham, P.C.,* for defendant Allis-Chalmers.

Before: MACKENZIE, P.J., and V. J. BRENNAN and D. F. WALSH, JJ.

V. J. BRENNAN, J. This is a products liability and negligence action arising from an accident which occurred on March 15, 1972, and which resulted in the death of Russell A. Hughes, plaintiff's decedent. On that evening the decedent was operating a Model 545 wheel loader designed, manufactured and sold by defendant Allis-Chalmers Corporation. When he was found dead, he was lying under the right side of the loader on his back with his left shoulder pinned by the right front tire. On June 14, 1978, a Wayne County Circuit Court jury returned a verdict for the plaintiff in the amount of $405,000. The defendant now appeals by right, pursuant to GCR 1963, 806.1.

It was plaintiff's theory at trial that Mr. Hughes fell from the right hand side of the loader and struck his head. This fall would have put Hughes between the right front and right rear tires of the loader. Subsequently, plaintiff reasons, the machine rolled back and the right front wheel pinned Hughes' shoulder. Plaintiff contended that a guardrail on the right side of the loader would have prevented such a fall, that such a guardrail was recommended by the Society of Automotive Engineers and that, therefore, the defendant provided a machine which was improperly designed.

The defendant argues that since there were no eyewitnesses there was no proof that the defendant fell from the right side of the machine rather than tripping while on the ground and falling under the machine's wheels. Therefore, it was

impossible to assume that a guardrail would have prevented this accident.

The defendant raises two issues on appeal.

Defendant first argues that Mr. McKibben, one of plaintiff's expert witnesses, was unqualified to testify as to the cause of decedent's head injuries or as to the reasonableness of the design of the machine in question. We disagree.

Generally, it is within the trial court's discretion to admit or exclude expert testimony and this decision will not be disturbed unless clearly erroneous. *Francisco v Parchment Medical Clinic P.C.*, 86 Mich App 583; 272 NW2d 736 (1978), *modified* 407 Mich 325; 285 NW2d 39 (1979), *Johnson v Detroit*, 79 Mich App 295; 261 NW2d 295 (1977).

The rules regarding expert testimony are succinctly stated in *Dowell v General Telephone Co*, 85 Mich App 84, 92; 270 NW2d 711 (1978), quoting from *O'Dows v Linehan*, 385 Mich 491, 509-510; 189 NW2d 333 (1971).

"[W]hat are the rules governing the admissibility of such [expert] testimony?

"1. There must be an expert. * * *

"2. There must be facts in evidence which require or are subject to examination and analysis by a competent expert. * * *

"3. Finally, there must be knowledge in a particular area that belongs more to an expert than to the common man."

It is incumbent upon the party offering an expert witness to show that the witness possesses the knowledge or skill necessary to competently testify. *Siirila v Barrios*, 398 Mich 576; 248 NW2d 171 (1976).

The defendant takes issue with two areas of McKibben's testimony. First McKibben testified

that the decedent's head injury was most probably caused by a fall of about 10 to 12 feet at approximately 15 to 20 miles per hour. The defendant argues that, since McKibben was not a medical doctor, he was unqualified to so testify. We are not persuaded by this argument.

McKibben testified at trial that he is a certified professional safety engineer. He teaches accident reconstruction and investigation. More importantly, he has done extensive research regarding head injuries to free-falling bodies (*i.e.,* motorcycle accident victims). Given his qualifications, the trial court did not err in allowing McKibben to testify regarding the probable cause of decedent's head injury. It appears that McKibben was more than qualified to give such an opinion.

The defendant next argues that McKibben was not qualified to testify regarding the design of the loader and the fact that it violated a Society of Automotive Engineers (SAE) standard. This argument is also unpersuasive.

McKibben testified that he is a member of SAE, an organization of people involved in transportation or self-propelled equipment. He has investigated cases in construction machinery similar to that in this case and is familiar with such equipment.

Under these circumstances we find that the witness's expert testimony was correctly received by the trial court. There was ample evidence presented at trial that he possessed the necessary knowledge and skill to enable him to competently testify, *Siirila, supra.*

The defendant next asserts that the trial court committed reversible error when it refused to grant defendant's motion for judgment notwithstanding the verdict.

The standard for review of a lower court's denial of a motion for judgment notwithstanding the verdict is whether, after viewing the facts and all legitimate inferences therefrom in the light most favorable to the party opposing the motion, reasonable men could differ. If they could, the question is one for the trier of fact. *Cryderman v Soo Line R Co,* 78 Mich App 465; 260 NW2d 135 (1977), *Weiss v Ford Motor Co,* 64 Mich App 519; 236 NW2d 124 (1975), *Anderson v Gene Deming Motor Sales, Inc,* 371 Mich 223; 123 NW2d 768 (1963).

The defendant argues that there was insufficient evidence presented at trial which would support a finding that the defendant's head injuries were caused by a fall from the loader. However, reviewing the record, we find ample evidence to support such a finding.

The deceased was last seen at the controls of the loader 10 to 15 minutes before his body was discovered. When found, he was lying on his back with his left shoulder pinned by the machine's right front tire and his feet pointing away from the machine at an angle. The left hand side of the machine has a railing; the right side is open.

The deceased suffered extensive head injuries. Plaintiff's expert witness testified that the probable cause of such injury was a fall from a height rather than tripping or slipping on the ground. The expert further testified that a body falling from the platform could have "bounced" off the ground and landed under the tractor, thereby explaining how the deceased's body could have been found partially under the machine.

Since there was no eyewitness to the accident, defendant's argument that the jury had to infer that the deceased somehow fell from the right hand side of the vehicle is correct. There was

ample competent evidence upon which to base that inference.

Finally, defendant contends that the jury must have inferred that the decedent's chest injuries were caused by the loader running over him and that there was insufficient evidence to support such an inference. We disagree. There was evidence presented at trial that both the head injuries and the chest injuries were sufficient, in and of themselves, to cause death and that the head injuries occurred prior to, or concurrent with, the chest injuries. Accordingly, the jury did not have to find that the decedent's chest injuries were caused by the machine. It would be sufficient if they found only that the decedent fell from the machine and that the fall caused his head injuries.

There was also evidence presented at trial which would support a finding that the defendant was negligent in failing to equip the loader in question with a right-hand siderail. A siderailing on such machines was recommended by the Society of Automotive Engineers Standards (J185). Mr. Dubois, defendant's chief engineer, testified that, although he was aware of and customarily reviewed these standards, such a railing was not included on the loader. Mr. McKibben, an accident reconstruction expert, testified that such a rail would substantially reduce accidents from the work platform.

Accordingly, after reviewing the testimony presented at trial, we find that, viewing the evidence in the light most favorable to the plaintiff, defendant's motion for judgment notwithstanding the verdict was properly denied.

Affirmed. Costs to be assessed against defendants.